THADDEUS H. MORRIS, plaintiff in error, v. FRANCES MOR-
          RIS, defendant in error.

(Atlanta, June Term, 1870.)

SETTLEMENT — SETTING ASIDE* — FRAUD — KNOWL-
EDGE OF FRAUD—FACTS TAKING CASE OUT OF RULE.—
Where a bill was filed by a mother seventy-six years of age against
her son, to set aside a settlement of a case pending in Court between
the parties:
   *Held*, That as a general rule, a Court of Equity will not interfere
to set aside a settlement of a fraudulent transaction of one of the
parties, when the party defrauded had full knowledge of all the
facts at the time of the settlement, and the parties making it occu-
pied the same relative position to each other as to capacity and con-
dition; yet, when it appears that there was great inequality, arising
from old age, mental incapacity, undue influence, and the relative
condition of the contracting parties, a Court of Equity will inter-
fere to grant relief, and that the allegations in complainant's bill
make such a case as entitles her to have the alleged settlement set
aside, and that the demurrer to the bill was properly overruled.

Equity. Estoppel. Before Judge Kirby. Floyd Superior
Court. July Adjourned Term, 1869..

The bill of Frances Morris made the following case: She
is a widow seventy-seven years old, infirm and poor. Wil-
liam Morris, her husband, died in 1857, leaving an estate
worth $30,000 00, and her and seven children as his heirs.
His son, Samuel A. Morris, became his administrator, sold
and disposed of his estate, but refused to pay to these heirs
their distributive shares. She and the heirs sued' him to
compel such distribution; the war suspended the suit; the

*SETTLEMENT—FAVORED BY COURTS AND BINDING—
EXCEPTIONS.—"When fairly made, courts always favor the com-
promise of doubtful rights, especially when they settle family dis-
putes, and they are binding, notwithstanding it may eventually turn
out that the point of law was in favor of the party complaining, and
that had he not entered into the same, he would have been more
largely benefited. * * * But a compromise affected by fraud,
imposition, breach of confidence, duress, surprise or mistake, is in-
valid, and will be set aside. Jones v. Fulwood, 12 Ga. 121, 124;
Gray v. Lawson, 36 Ga. 630, 631; Hill v. Bruce, 54 Ga. 334; Shack-
lett v. Ransom, 54 Ga. 350; Jones v. Munroe, 32 Ga. 181, 189; Ham
v. Hamilton, 29 Ga. 40; Montgomery v. Morris, 32 Ga. 173; Morris
v. Morris, 41 Ga. 273." Bass v. Bass, 73 Ga. 135. See foot-note to
Gray v. Lawson, 36 Ga. 629.
   MENTAL INCAPACITY.—"Allegations that a deceased person
had reached the age of eighty-five years, that she possessed 'little or
no memory or will power,' that her mental faculties 'had become
greatly impaired and enfeebled, and she was therefore wholly inca-
pable of transacting business, much less * * of making a clear, in-
telligent and voluntary disposition of her property,' and that she was
in the condition thus indicated at the time of making a given con-
tract, amount in effect to an averment that she was at that time
mentally incapable of contracting,—certainly of making the contract
in question." Eagan v. Conway, 115 Ga. 130, 41 E. S. Rep. 493, citing
Morris v. Morris, 41 Ga. 271.

papers were lost and nothing was done in it since the war. *Though she was in want and living on charity, the administrator has continuously failed to respond to her demand of at least part of her share. While thus situated, Thaddeus H. Morris, her son and one of said heirs, requested her to make a power of attorney authorizing him to settle with said administrator for her said share. She having confidence in him, agreed to give him the power of attorney, and asked him to prepare it for her signature. He had drawn up an absolute deed of gift, conveying from her to him all she owned, in trust for his three minor children. She could not read, did not hear it read, but supposing it was such power of attorney, signed it and delivered it to him.

With this deed, on the 1st of April, 1866, T. H. Morris went to the administrator and entered into a pretended compromise of her said claim, whereby he, T. H. Morris, acquired an unimproved lot in Rome, (fully described,) the same being conveyed to him as such trustee, by said administrator, and released the administrator from all liability for her said share; that her share was worth three times as much as said lot. Having discovered this fraud, she filed her bill to January term, 1867, against said T. H. Morris, to cancel said deed and for other relief. Before he had answered the bill, he represented to her that it would pecuniarily ruin him and his family, and disgrace him and his children, and said that he alone of her children cared for her, and promised to pay all costs and her attorneys fees, and furnished her a home, food and clothing suitable for her during her life, and with means to visit her children, upon condition that she would dismiss said bill. Overcome by his entreaty and such promises, she consented to dismiss the bill, and gave him some writing on the subject. Her attorneys dismissed the bill at defendant's costs, took his notes for their fees and gave up her notes to her.

He fails to support or clothe her, etc., though he gets the rent of said lot. She prayed for a cancellation of said agreements, that T. H. Morris be compelled to convey said lot to her, and to pay her what else he may have received on account of her said share of said estate, etc.

This bill was demurred to upon the grounds that it was *only a breach of trust and the remedy is at law. The Court overruled the demurrer and ordered the defendant to answer. That is assigned as error.

Alexander & Wright, for plaintiff in error, said the settlement of the first bill estopped complainant: Ham v. Hamilton, 29th Ga. R., 40.

Wright & Alexander, for defendant, replied that the settlement was fraudulent: Story's Eq. Juris., 234 to 239; Irwin's Code, secs. 3122 and 2000.

WARNER, J.

The error assigned to the judgment of the Court below in this case, is in overruling the demurrer to the complainant's bill. As a general rule, Courts of Equity will not interfere to set aside a settlement of a fraudulent transaction of one of the parties, when the party defrauded had full knowledge of all the facts at the time of the settlement, and the parties making it occupied the same relative position to each other, as to capacity and condition, as was ruled by this Court in Ham v. Hamilton, 29th Georgia Reports, 40. But where it appears that there was great inequality between the parties making the settlement, arising from old age, want of mental capacity, undue influence, and the relative condition of the contracting parties to each other, a Court of Equity will interfere and grant relief, upon a proper case being made for that purpose. In our judgment, the allegations in complainant's bill makes such a case as entitles her to have the alleged settlement set aside, and that the general demurrer to the bill for want of equity was properly overruled.

Let the judgment of the Court below be affirmed.