## OWEN, guardian, *v.* SMITH.

1. Where it is doubtful whether an instrument in the form of a deed, attested and delivered as such, and showing upon its face that it was made partly for value and partly for love and affection, be testamentary or not, some of its language importing a present conveyance with reservation of a life-estate, and some indicating a purpose to postpone the vesting of title until the death of the maker, the safer and better construction of the instrument is that it was intended to pass an interest at the time of delivery, and to postpone only the possession and use.

2. On the trial of a case involving capacity to make a deed of conveyance, the court is not bound to give in charge to the jury the law of testamentary capacity.

3. Where according to the face of the conveyance it is founded upon a mixed consideration consisting in part of love and affection and in part of money or services, mere inadequacy of the latter part is no cause for setting the conveyance aside, and raises no presumption against the capacity of the maker, or against the good faith and fair dealing of the beneficiary. A widow who, during the lifetime of her husband, voluntarily put herself *in loco parentis* to his bastard son, and has so continued since her husband's death, may extend her bounty to such son by a deed of gift as if he were her own offspring.

4. In view of the evidence and of the charge as given, there was no error in refusing to charge as requested, whether the requests be taken severally or all together. The evidence, though in some respects conflicting, warranted the verdict.

April 17, 1893. Argued at the last term.

Before Judge HANSELL. Thomas superior court. March term, 1892.

A bill in equity was brought in 1887 on behalf of the grandchildren of George E. Smith deceased, to set aside an instrument of conveyance to William T. Smith, an

illegitimate son of George E. Smith, executed by the wife of George E. Smith (the plaintiffs' grandmother) shortly before her death. The grounds of attack on the instrument were, that it was not a deed but was testamentary in its character, and was void for being attested by only two witnesses; and that it was void as a deed, because the maker was mentally incompetent to make it, she being feeble in mind and body from old age, because she was easily controlled and influenced by the defendant, William T. Smith, who did exert undue influence over her to induce her to make the conveyance when she would not otherwise have made it, and because the consideration was grossly inadequate and the execution of the paper was procured by the defendant by fraudulent promises, persuasions and practices, etc. The court construed the paper to be a deed, and submitted the issues made by the other allegations to the jury, who found in favor of the defendant. The plaintiffs moved for a new trial, which was denied, and they excepted.

The instrument in question is dated October 1, 1887, and is between Sarah Smith of the one part, and Willie T. Smith of the other part. It recites, that whereas, in the division of the estate of George E. Smith deceased, there was an agreement that Sarah Smith should have all the real estate belonging to him that lay in Thomas county, and the heirs of her son L. D. Smith, represented by their guardian J. T. Owen, should have the lands in Mitchell county, which agreement and division was ratified and confirmed by Sarah Smith, widow of George E. Smith, J. T. Owen, guardian of the children of L. D. Smith deceased, and R. B. Mardre, administrator of George E. Smith, and a consent decree of the superior court is to be taken, ratifying and confirming this agreement and division so made:

"The said Sarah Smith hath given, granted, bargained

and sold unto the said Willie T. Smith in consideration of the sum of ten dollars ($10.00) to her in hand paid, as well as for the natural love and affection which she has and bears toward the said Willie T. Smith, upon the conditions and reservations and limitations hereinafter named, [certain described land]; also all of her personal property consisting of various kinds of stock and household and kitchen furniture. The terms, conditions and limitations upon which the aforesaid property is to vest in the said Willie T. Smith are as follows: she reserves to herself a life-estate in the whole of it, with power to direct, manage and control it as she sees proper during her lifetime; and she is to be consulted by the said Willie in all things, and if they differ in opinion as to the management of matters or things, her views are to control; and the said Willie is to live with her, care for and provide for her, supply her necessary wants, take care of and protect the property and herself as a dutiful and affectionate son would take care of an old and invalid mother; and upon compliance with these terms upon the part of said Willie T. Smith, whatever at her death is left, together with the natural increase thereof, and such addition as may be made thereto by the thrift and industry and care of the said Willie T. Smith, is to belong to the said Willie T. Smith, his heirs, assigns, executors and administrators, in fee simple."

There was testimony for the plaintiffs to the effect, that the maker of the deed was an invalid and not capable of attending to ordinary business at the time it was made; that the defendant had great influence with her, and had stated that she was mentally incapable; that she did nothing of consequence without consulting him, etc. She died about three weeks after the deed was executed, in her seventy-seventh year. On the other hand, the testimony for the defendant was, that her mind was strong and clear; that she was capable of attending to her affairs, and did so; that she directed the drawing of the deed (after the division was made between her and the plaintiffs) of her own volition and without any sug-

gestion from the defendant, and it was drawn exactly in accordance with her wishes; that it was read over to her at the time of execution, and she said it was just as she wanted it, and afterwards stated that she wanted the defendant to have her share of the property and had so fixed it, and that Dow's children (plaintiffs) had property of their own and she thought it was enough for them. The defendant was raised from infancy by her and his father, in their house as one of their children, and had always behaved as a dutiful son, etc.

The grounds of the motion for new trial, besides those alleging that the verdict is contrary to law and evidence, are that the court erred in refusing to give in charge the following as requested :

" In case of wills, if the testator or testatrix is of weak mind and is moved to make a will, and the legacy is great, the law presumes the moving is not right or lawful,—a presumption to be repudiated only by bringing something sufficient to show the will to be such as a person of average mind, morals and family love might be supposed to be willing to make.

" Great inadequacy of consideration, when joined with great disparity of mental ability in contracting a bargain, may justify a court of equity in setting aside a sale or other contract.

" Although the natural influence arising from the relation of parent and child by those who possess such influence to obtain a benefit for himself in a matter of gift among the living, will be held to be an undue influence; though such influence may be used in obtaining a legacy, provided the testator or testatrix understand what he or she is doing, and is a free agent.

" While inadequacy of price is no ground for a rescission of contract of sale, unless it is so gross as combined with other circumstances to amount to fraud, yet if the inadequacy be great, it is a strong circumstance to show fraud.

" When the party making a deed is weak in mind and liable to be imposed upon, if the evidence shows the least spark of imposition or fraud, the deed will or ought to be set aside.

" Whenever there is great weakness of mind, though not amounting to absolute disqualification, arising from age, sickness or any other cause, in a person executing a conveyance, and the consideration given for land is grossly inadequate, a court of equity will, upon proper and seasonable application of the injured party or his representative or heir, set aside the conveyance."

At the conclusion of the general charge, the plaintiffs' counsel orally requested the court to charge, that if the jury should determine to set aside the deed, they could then proceed to divide the property between the two heirs at law. This the court refused, and charged that the jury could find only for or against the deed. This refusal is assigned as error.

W. M. HAMMOND and MACINTYRE & MACINTYRE, by J. H. LUMPKIN, for plaintiff in error.

No appearance *contra*.

BLECKLEY, Chief Justice.

1. The instrument to be construed shows on its face that it was made in consideration of ten dollars and of love and affection. It shows also that future services to be rendered by the grantee to the grantor were contemplated as a part of the consideration. It is certainly doubtful whether the instrument is testamentary or not. Some of its language imports a present conveyance with the reservation of a life-estate, and some indicates a purpose to postpone the vesting of title until the death of the grantor. We think the trial court adopted the safer and better construction in holding that the instrument was a deed and not a will. It is manifest that the maker did not intend to confer a mere bounty but ex-

pected to receive some compensation for the conveyance, in the way of services rendered to her and to be rendered as long as she lived. It is equally manifest that she intended the grantee to be owner of the property at some time, and that she intended to retain possession and a supervision over the control and use of it during her own life. A reasonable supposition as to her real intention is that an interest was to pass to him at the time of the delivery of the deed, with a postponement only of the possession and use until she should be dead.

2. After holding the instrument to be a deed, the court was not bound to give in charge to the jury anything whatever as to the law of testamentary capacity. The capacity in question was of a higher order, and while the court in expounding its requisites might have referred, not improperly, to the lower capacity requisite to make a will, the refusal to do so was not erroneous.

3. The consideration being a mixed one consisting in part of love and affection and in part of services, to say nothing of the ten dollars expressly mentioned, any disproportion between the value of the services and the value of the property conveyed would raise no presumption against the capacity of the grantor, or against the good faith and fair dealing of the grantee. Any such disproportion or inadequacy would be fully covered by the other part of the consideration, namely love and affection. That would be sufficient to uphold the whole conveyance irrespective of the value of the property. Nor would this part of the consideration be vitiated or weakened by the fact that there was no blood relationship between the parties. The maker of the deed, Mrs. Smith, was the widow of the grantee's father. During her husband's lifetime she had put herself *in loco parentis* to this bastard son, and after his death had so continued. According to the evidence, there was between them the regard and affection of parent and child. This being

so, she could make a deed of gift to him the same as if he were her own offspring.

4. We have carefully examined the evidence and the whole charge of the court as given. In view of these, there was no error in refusing to charge as requested, no matter whether the several requests be considered separately or collectively. In some respects the evidence was conflicting, but the jury settled the conflict and upheld the deed. The verdict was warranted, and there was no error in refusing a new trial.

*Judgment affirmed.*