## DICKS v. ANDREWS, administratrix.

1. A plea alleging that the note sued on is "without any valuable consideration, either moral or legal," involves only a reference to a "valuable" consideration, and does not mean that the note is without a "good" consideration.
2. The allegations in the 6th paragraph of defendant's plea, construed in connection with the allegations in other paragraphs of the plea, set up an issuable defense.

Argued November 29,—Decided December 20, 1907.

Complaint. Before Judge Hammond. Richmond superior court. June 11, 1907.

B. B. McCowen, for plaintiff in error, cited Civil Code, § 5091, 5065; Ga. R. 26/413; 97/281; 103/550.

William H. Fleming, contra, cited 126 Ga. 116; 30 St. L. c. 1.

HOLDEN, J. Suit was brought in Richmond superior court by E. F. Andrews against J. J. Dicks. The plaintiff in the court below, defendant in error here, died while the case was pending in this court, and upon motion, Julia J. Andrews, as temporary administratrix of his estate, was made a party defendant in error. The following is a copy of the note upon which the action is based: "$1,050.00. Augusta, Ga., July 1, 1905. One year after date I promise to pay to C. H. Cohen, or bearer, one thousand and fifty dollars at any bank. Value received. J. J. Dicks." The pleas filed by the defendant, omitting that portion unnecessary here to consider, are as follows:

"2nd. Defendant admits the execution of the note as set out in paragraph three of plaintiff's petition, except as to its apparent date of execution, and says that the note was really signed on the 3d day of April, 1905, while a petition in bankruptcy was pending against defendant before the Honorable Joseph Ganahl, referee in bankruptcy in the United States court of this district.

"3rd. Defendant, further answering plaintiff's petition, says that said note was given to the said C. H. Cohen at said time wholly without any valuable consideration, either moral or legal, and that defendant received no benefit or thing of value therefor, nor was said note given in renewal of any account or obligation due by defendant to the said Cohen.

"4th. Defendant further shows that the plaintiff E. F. Andrews, suing as the bearer of said note, at time he took same knew

that said note was given to the said C. H. Cohen by defendant without any valuable consideration whatever.

"5th. Defendant shows that the said E. F. Andrews received and acquired said note from the said C. H. Cohen without consideration and without the payment to the said Cohen of anything of value whatever, and is therefore not a purchaser for value without notice.

"6th. Defendant further shows, that, after the note sued on was signed by defendant, there came on to be heard the petition in bankruptcy against defendant, to which plaintiff was a party, and after the hearing of said petition and consideration of the evidence therein, by the Honorable Joseph Ganahl, referee in the U. S. court of bankruptcy for the northeastern division of the southern district of Georgia, a composition of defendant's debts were allowed at 25 cents on the dollar of defendant's indebtedness, which was accepted by the plaintiff E. F. Andrews along with other creditors as a settlement and release in full."

When the case was called for trial, the court ruled that said pleas made no issuable defense, and entered judgment against defendant on the note. The defendant thereupon filed a bill of exceptions, complaining that this ruling of the court was error.

1. The only question involved in this case is whether or not any issuable defense was made by the plea filed by the defendant. This plea only undertakes to set up two defenses. The first defense undertaken to be set up by the plea is that the note sued on was "without any valuable consideration, either moral or legal." A good consideration, as well as a valuable consideration, will support a contract. The Civil Code, § 3658, provides: "Considerations are distinguished into good and valuable. A good consideration is such as is founded on natural duty and affection, or on a strong moral obligation. A valuable consideration is founded on money, or something convertible to money, or having a value in money, except marriage, which is a valuable consideration." Does this allegation in the plea that the note was "without any valuable consideration, either moral or legal," mean that it was without any "good" consideration? If it does not mean that it was without any good consideration, as well as a valuable consideration, it is not a good plea to the effect that the note is without any consideration to support it. The words in the plea that the note

was given "without any valuable consideration, either moral or legal," has no reference to any consideration except a valuable one, the words "either moral or legal" qualifying the words "valuable consideration." The proper construction of this language in the plea is that there was no moral or legal valuable consideration. The construction that the pleader, in that portion of his plea above referred to, only had reference to a valuable consideration, is sustained by the language used in the next succeeding paragraph of his plea, wherein he alleges that the plaintiff knew that the note was given "without any valuable consideration whatever." The other language in the plea relating to a consideration is "that the defendant received no benefit or thing of value therefor, nor was said note given in renewal of any account or obligation due by defendant to the said Cohen." But there is nothing in this part of the plea to show that there was no good consideration behind the note. There is no language in any part of the plea filed by defendant negativing the idea that the note was founded upon a good consideration. Everything alleged by the defendant might be true, and still there might be a good consideration upon which the note rested. The idea that there was a good consideration behind the note is not inconsistent with any statement in the plea.

2. In the 2d paragraph of defendant's plea he alleges that the note was really signed on the 3d day of April, 1905; and in the 3d paragraph he states that "said note was given to the said C. H. Cohen at said time, wholly without any valuable consideration." Properly construed, the meaning of this allegation is that the note was given to Cohen when it was signed, which was the 3d day of April. In the 6th paragraph of the plea, the defendant alleges, "that, after the note sued on was signed by defendant, there came on to be heard the petition in bankruptcy against the defendant." Construing this language in connection with what is alleged in the 2d and 3d paragraphs, it would mean that the petition in bankruptcy was heard after the note was given to Cohen, as it is alleged in the 3d paragraph that the note was given to Cohen at the time of its signing, which was the 3d day of April, 1905. Hence, all that occurred in the bankruptcy court, according to the 6th paragraph of the defendant's plea, is alleged to have occurred after the note was given to Cohen. In this para-

graph the defendant alleges, that, after the hearing before the referee in bankruptcy, "a composition of defendant's debts were allowed at 25 cents on the dollar of defendant's indebtedness." The words "defendant's debts" included the note sued on, as it was alleged that this note was given to Cohen before the composition was allowed. It is further alleged in this paragraph that this composition was accepted by Andrews as a settlement and release in full. This allegation, in connection with the others referred to, means that Andrews held the note sued on at the time of this acceptance, and that the debt sued on was then embraced in the composition, and that Andrews accepted 25 cents on the dollar as a settlement and release in full of this debt. We are of the opinion that the allegations contained in paragraph 6 of the defendant's plea, taken in connection with the allegations in other paragraphs of the plea, set up an issuable defense. The court, therefore, committed error in holding that the plea as a whole set up no issuable defense, and in entering judgment against the defendant. The judgment of the court below is

*Reversed. All the Justices concur.*