## CARTER v. WALDEN et al.

HOLDEN, J. 1. A deed reciting a valuable consideration only may be shown by parol to be without any consideration.

2. An instrument purporting to convey a tract of land to the grantees therein contained the following language: "Jacob Carter [the grantor] is to hold a lifetime lease on said 245 acres of land more or less [the property conveyed], said lease to expire at the death of the party of the first part" (the grantor). *Held,* that the writing was not a will, but a deed with a reservation of a life-estate in the grantor.

3. The petition made, among other allegations, substantially the following: The plaintiff, who was the owner of a tract of land, intending to make a will devising the land to certain persons, made known such intention to another, and the latter prepared a deed conveying the land to such persons, and informed the owner that the writing was a will and not a deed. The owner was entirely ignorant of the forms necessary to constitute a deed or a will, and did not know the effect of the language of said instrument, or else he would not have signed the same, and petitioner signed the same verily believing that he was thereby executing a will and not a deed. The writing was never delivered to any of the grantees as a deed, but was left in the custody of one of the grantees to be held as the owner's will. The instrument executed was in form a deed conveying the land to the grantees therein named, with a reservation of a life-estate in the maker, and was without any consideration whatever. *Held:* (*a*) Clear proof of the allegations would entitle the plaintiff to a decree cancelling the instrument. (*b*) The

instrument having been made on March 9, 1898, the plaintiff was not guilty of such·laches as would bar his right to have the writing cancelled, the suit for this purpose having been brought February 15, 1910, a few months after he discovered the character of the writing, and it appearing that he has always remained in possession of the property, and there being involved no question as to the rights of third parties or innocent purchasers. (c.) The petition was not subject· to general demurrer, or to any of the grounds of special demurrer.

*Judgment reversed. Beck, J., absent. The other Justices · concur.*

AUGUST 18, 1911.

Cancellation of deed.    Before Judge Park.    Grady superior court.    September 6, 1910.

*R. C. Bell, J. R. Singletary,* and *W. J. Willie,* for plaintiff.