## WILSON *et al. v.* WILSON.

1. The answer of the defendant in this case sets up a parol gift from the common grantor and the making by the donee, in pursuance thereof, of valuable and permanent improvements upon the land sued for; and the court did not err in overruling the general demurrer thereto.

2. Special demurrers to the answer were also filed by the plaintiffs, and thereupon the defendant amended the answer. These amendments were sufficient to meet the objections raised by the special demurrers.

3. The charge of the court excepted to in the first special ground of the motion for new trial is not open to the criticism made upon it, but it states with substantial correctness the general rule applicable to cases involving the issues presented in the instant case.

4. The posting of a certain notice set forth in the evidence did not work an estoppel as against the claims of the defendant in this case, but was a material and relevant fact to be considered by the jury. This did not render it essential that the court should charge upon it without a written request for such a charge.

5. The plaintiffs contend that "the entire charge is not adjusted to the evidence in said case, in that the court did not charge the jury with

reference to the improvements which were placed upon the property by the defendant for his own benefit, and also in reference to the improvements paid for and placed upon the property by the donor." The charge as given covers the essential issues made by the pleadings and the evidence. This is done in a general way, it is true. If the plaintiffs desired a more particular statement of the issues and more minute division of them and particularity in the charges upon all these issues, it might have been obtained by a pertinent and timely written request.

6. The evidence, with all the deductions which might be legitimately drawn therefrom, was sufficient to sustain the verdict.

No. 6355. MAY 17, 1928.

Complaint for land. Before Judge Roop. Meriwether superior court. October 29, 1927.

*J. F. Hatchett* and *McElrealh & Scott,* for plaintiffs.

*N. F. Culpepper,* for defendant.

BECK, P. J. Thomas C. Wilson and Hattie Wilson Brown filed suit against N. B. Wilson, on January 20, 1927, in which they set up that they owned four acres of land described, and an undivided half interest in 50 acres of other land described, and that the defendant owned an undivided half interest in said fifty acres. The plaintiffs claimed title under and through John C. Wilson, deceased. Plaintiffs alleged that defendant was interfering with their quiet and peaceable possession of the property, that he threatened to have them arrested for trespassing on the same, that he had collected rent of the property for the year 1926, and that the plaintiffs had demanded rent in the amount of $110 for that year; and they prayed for a judgment for the rent, and that the defendant be enjoined from interfering with plaintiffs' possession. The court granted a temporary restraining order.

The defendant in his plea and answer set up that he was the owner of both tracts of land for and during his natural life, and that he was in possession and had the right of possession. He claimed title under John C. Wilson, deceased, common grantor, under a parol gift, with valuable improvements. He denied that the plaintiffs were entitled to the relief prayed for, and prayed that they be enjoined from interfering with his usual enjoyment of the land. The plaintiffs demurred to the plea and answer, and the demurrer was overruled. The jury found the issues in favor of the defendant, and the court entered up a judgment that "the defendant, N. B. Wilson, is entitled to the possession of the premises in dispute for and during his natural life as against the plaintiffs,

and the possession of said premises is hereby awarded to the defendant, N. B. Wilson, for and during his natural life, . . and that the plaintiffs are hereby permanently and perpetually enjoined and restrained from trespassing upon said land and premises, and from interfering in any way with the defendant in his right to the use and enjoyment of said land and premises for and during the life of said Wilson." Plaintiffs filed a motion for new trial, which was overruled, and they excepted.

1, 2. The rulings in headnotes 1 and 2 require no elaboration.

3. The original motion for new trial contains the usual general grounds. In the first ground of the amendment to the motion error is assigned upon a charge of the court, that "if he entered into possession of the two tracts of land, and that possession was taken in pursuance of the intention upon the part of John C. Wilson to give N. B. Wilson the land, and N. B. Wilson accepted the gift and entered in possession of the land in pursuance of the gift and made valuable permanent improvements on the tracts of land, then, gentlemen, if you find he did those things, he would have such a right to the tracts of land as would entitle him to possession thereof as against the plaintiffs in this case, and you should find in favor of the defendant. Now, that is a question for you to determine. If you find that a gift was made, if the defendant has shown a parol gift was made, by that degree of proof as required by the law, and you find he entered into possession of the land, that John C. Wilson relinquished his dominion over the land, and it was his intention to relinquish his dominion over the land in favor of the defendant, N. B. Wilson, and N. B. Wilson took complete control of the land, and he made permanent valuable improvements, as described in the defendant's plea, why then you should find in favor of the defendant in this case." Movants insist that this charge is error, because the court here instructed the jury that if the defendant had shown that he made permanent valuable improvements, as described in his plea, the jury should find in favor of the defendant; said charge being erroneous in that the court failed to instruct the jury in this connection that if such permanent improvements had been made by the defendant they must have been made by him upon the faith of the gift to the defendant of a life-estate in the lands involved in the litigation. Movants further contend that the charge was error for the reason that it applied to both tracts of

land, and as to the 50-acre tract there was no claim of the defendant that he had or claimed more than a life-estate in an undivided half interest therein, since he already owned the other half interest in fee simple; and movants contend that the defendant could not hold the 50 acres or any interest therein adversely to the owner of the other half interest; and that therefore the charge was not adjusted to the issues involved in the case.

We are of the opinion that the charge as given is not open to the criticism made upon it. If the plaintiffs desired a charge stating to the jury with more particularity the interest claimed by the defendant, and a differentiation made as to the status of this defendant from one who claimed that the entire interest in the land had been given to him, a written request bringing out this differentiation should have been offered by them. The charge as given states the general rule, where issues like those in the present case are involved, with substantial correctness.

4. The movants introduced in evidence a notice dated April 26, 1924, signed by T. C. Wilson, one of the plaintiffs, and N. B. Wilson, the defendant, as "agents for Mrs. John C. Wilson," which reads as follows: "Notice—no trespassing. All persons are hereby notified, under penalty of prosecution, not to go on nor trespass in any way on any part of the lands belonging to Mrs. J. C. Wilson, to wit: 190 acres, more or less, of land lying and being in Luthersville District of Meriwether County, Georgia, and commonly known as the "Hines place;" also 45 acres, more or less, off the A. W. N. Wilson old homestead place, and also 50 acres, more or less, being a part of the said Wilson homestead on which is a pear orchard and all lying in the said Luthersville District of Meriwether County." And T. C. Wilson, one of the plaintiffs, testified that these signs were posted over the land; that the defendant put them over the 50 acres of land, and another was put on the 4 acres; that they were put up to protect the pear orchard and peach orchard on the 190 acres. The movants contend that the evidence that such signs were posted on the land in question by the defendant constituted an estoppel on his part to claim the land as his own, and that the court erred in failing to charge the jury on the issue of estoppel as raised by the evidence. While the posting of this notice upon the land would be a circumstance which the jury might consider along with the other evidence in the case, it did not amount to an estoppel. No

estoppel is pleaded against the defendant; and moreover, when this evidence is considered in connection with the other evidence, it shows that T. C. Wilson and N. B. Wilson used similar signs upon a large tract of land—190 acres, and that they placed the same kind of signs on the 50-acre tract of land. It may have been that this was done merely for convenience, to prevent the expense of printing or obtaining other signs. It is clear that the fact that these notices were posted by T. C. Wilson and N. B. Wilson should be considered by the jury as a part of the evidence, and it may have been very material evidence; but it was not error for the court, in the absence of a written request, to fail to charge as to the effect of a particular part of the evidence.

5, 6.    The rulings in the 5th and 6th headnotes require no elaboration.        *Judgment affirmed.    All the Justices concur.*