## PHILLIPS v. HIGHTOWER et al.

No. 11167. APRIL 15, 1936.

*W. I. Geer,* and *F. A. Hooper,* for plaintiff.

*A. H. Gray,* for defendants.

BECK, Presiding Justice. John Phillips brought a petition in which he made the following allegations: Minnie Hightower sued out a dispossessory warrant to evict petitioner from certain described lands; and the bailiff, Carl Lanier, without giving petitioner three days notice as required by law, proceeded to throw petitioner's goods out of the house, stating that Minnie Hightower claimed ownership of the lands, and that petitioner was her tenant holding over. About thirty-five years before the bringing of this

suit the plaintiff married Emma Jordan, who was then the owner of the lands in question. They lived upon the lands until his wife died in 1923. No children were born to them; there was no administration of his wife's estate; and petitioner took possession of the lands as sole heir at law of his wife. After her death, H. E. Hightower, now deceased, the former husband of Minnie Hightower, claimed that petitioner's wife was indebted to his wife in a considerable amount. Petitioner made payments on this alleged indebtedness for two or three years, when the Hightowers asked him to let them rent the lands and work out the debt by applying the rents to that account; and petitioner consented to this about the year 1926. For several years thereafter it was worked by various people placed thereon by the Hightowers, who paid to Minnie Hightower rents to the alleged amount of $1000. During the time Minnie Hightower was working this place and having it worked, her husband said to plaintiff that he and his wife were having to pay the taxes on it, and told plaintiff he ought to give them some kind of showing about the taxes; to which suggestion plaintiff consented, and they met in a bank, where a named person was drawing up a paper, and Hightower said, "That is the paper that I wanted you to give me, showing about the taxes and the rent, so that we would be protected," and told petitioner to sign it, which petitioner did. He is ignorant, can neither read nor write, and is quite deaf; and he signed by merely making his mark, and walked out, believing that he was giving some kind of showing to Minnie Hightower about how she was to work the land and pay the taxes. She kept the lands for seven years, and then turned the place back to petitioner, and he went back on the lands and farmed them in 1933 and 1934. Recently petitioner has been informed that Minnie Hightower claims to have a deed from him to the lands, and that petitioner is her tenant, and that she swore out the dispossessory warrant above referred to. Plaintiff says he is not the tenant of Minnie Hightower; that he has never parted with ownership of the lands; that if the paper he signed was a deed of conveyance to Minnie Hightower, it was fraudulently obtained from him in the manner above described. He prays that Minnie Hightower and the bailiff be restrained from executing the warrant and from evicting him, and that they be permanently enjoined.

The defendants filed a demurrer which the court sustained. The petition was dismissed, and Phillips excepted.

Under the facts alleged in the petition, the plaintiff was entitled to an interlocutory injunction. In *Smith* v. *Wynn,* 111 *Ga.* 884 (36 S. E. 970), it was held: "When a person against whom a dispossessory warrant has been sued out, on the ground that he is a tenant holding over, files a petition setting forth grounds for equitable interference with the execution of such warrant, and containing allegations sufficient of themselves to show that the plaintiff has title to the land by prescription, it is error to dismiss the petition on demurrer thereto. Since the demurrer admits the truth of those allegations, the possession of the plaintiff must, in dealing with the demurrer, be treated as a possession held by him as owner and not as tenant."

*Judgment reversed. All the Justices concur.*