HARDEN *v.* WEAVER *et al.*

No. 11821.   June 21, 1937.   Adhered to on rehearing, July 22, 1937.

*Wengrow & Shelfer,* for plaintiff.   *W. O. May,* for defendants.

Hutcheson, Justice.   Bessie Harden filed her petition against Mattie Lou Wilborn and J. W. Weaver, in which she alleged as follows: She is the true owner and in possession of a certain described house and lot in the City of Atlanta. In 1930 this property was owned by and in possession of Susan Echols, who was about seventy-five years old, an invalid and unable to care for and support herself. Susan Echols agreed with the plaintiff, who was her cousin, that she would give to the plaintiff the property referred to, provided the plaintiff and her family would care for and support Susan Echols for the remainder of her life. The plaintiff, pursuant to this agreement, together with her husband, immediately went into possession of this property during the latter part of 1930, and the plaintiff has fully performed the agreement in that she and her husband have cared for and supported Susan Echols during her lifetime, and also have repaired and improved said premises, making valuable additions and improvements thereto, and have paid the taxes thereon since 1931. On August 24, 1932, Susan Echols, "in order to more effectually execute said agreement on her part," made a will in which she bequeathed said premises to the plaintiff and appointed her sole executrix, relieving her of the necessity of making bond, etc. The will provided: "I hereby give and bequeath to my cousin, Bessie Harden, who has supported, cared for, and in many other respects assisted me, all of my property, including realty, . . and especially" said house and lot. Susan Echols was old, feeble, confined to her bed, and being a complete invalid because of such age and weakened physical condition she suffered great mental weakness. On February 12, 1931, the defendant, Mattie Lou Wilborn, obtained from Susan Echols what purports to be a deed conveying the above-described property, which said deed provides that "the grantor herein retains unto herself a life-estate in above property, with the understanding that a fee-simple title is to vest in grantee herein upon the death of" Susan Echols. This deed

was without any consideration whatever, and was obtained through fraud, and Susan Echols was induced to make her mark thereto without realizing the import or meaning of the paper to which she thus subscribed her mark. Susan Echols was under no obligation to Mattie Lou Wilborn, and there was absolutely no reason for her to execute said purported deed, and the same was procured by her through false and fraudulent representations and as a result of a conspiracy between the defendants to defraud Susan Echols and obtain the land fraudulently and without any consideration whatever.

On April 19, 1936, Susan Echols died. During her lifetime she frequently stated that Mattie Lou Wilborn tried to get her property and she did not want her to have "anything that she had." Mattie Lou Wilborn has demanded of plaintiff and her family that they vacate the property, and has threatened to institute dispossessory proceedings against plaintiff unless she yields possession to her. On October 8, 1931, Mattie Lou Wilborn attempted to convey this property to J. W. Weaver by warranty deed which has never been recorded, which deed is a part of the scheme to obtain said property without any consideration. On May 20, 1936, Mattie Lou Wilborn attempted to convey said property to Weaver by a warranty deed expressing $50 and other good and valuable considerations, which deed is relied upon by Weaver to support his claim to the property; and said deed is a part of the fraudulent scheme of the defendants to obtain said premises without any consideration therefor. The plaintiff alleges that all said deeds constitute a cloud on her title, and subject her to threats of dispossessory proceedings to her "vexation and injury." Weaver, on May 26, 1936, caused dispossessory proceedings to issue in the municipal court of Atlanta against the plaintiff and her husband. She has no adequate remedy at law; and unless equity intervenes in her behalf and enjoins the defendants from evicting her and her family from said house and lot, she will suffer irreparable injury and damage. The will of Susan Echols is attached to the petition as an exhibit. It provides that the testatrix revokes and annuls "all wills heretofore made by me, and especially do I revoke, annul, and declare to be of no force and effect whatsoever" a certain testamentary paper which in certain respects resembles a deed, but which is nevertheless testamentary

and which is recorded in deed book 1343 at page 351 of the records of the clerk of the superior court of Fulton County Georgia, which said testamentary paper I did not execute, nor did I authorize any one else to execute said paper for me, but said paper was executed and filed for record without my knowledge or consent, the same being a forgery." The plaintiff prayed that said deeds be surrendered and be canceled of record; that defendants be enjoined from interfering with her possession of said premises; that Weaver be enjoined from evicting plaintiff by virtue of said dispossessory proceedings; that the court pass such necessary decree as to effectually remove said deeds from record as a cloud on the plaintiff's title to said property; and that equity intervene in plaintiff's behalf in this "her quia timet proceedings, and afford her complete relief."

The defendants filed separate demurrers to the petition, on the ground that it shows on its face that the plaintiff has no title to said premises and is "only claiming or relying on title under a purported will which shows that it was executed on August 24, 1932, . . subsequent to the testatrix having executed a deed to the property, . . said testatrix in said will attempting to revoke and annul said deed, which under the law can not be done," and that plaintiff is not such a party as to attack the validity of this defendant's title to said property. The judge sustained the demurrers and dismissed the petition, on the ground that "it appears that the plaintiff is claiming under a will executed by a deceased person, and that some years before her death the deceased conveyed the property and had no title in her name at the time of her death, and that plaintiff is not entitled to prosecute this case to set aside the deed executed by the testatrix." To this judgment the plaintiff excepted.

The petition was not subject to dismissal on general demurrer. If any part of a petition sets up a cause of action, it is error to dismiss the entire action on a general demurrer. The plaintiff was not claiming title to the premises under the will executed by Susan Echols, which property before her death she had conveyed to Mattie Lou Wilborn, and therefore did not have title to the same at the time of her death. The making of the will was alleged as merely illustrative of the actual facts of this case. It appears that the plaintiff and Susan Echols, an aged and infirm

kinswoman, had entered into a valid parol agreement whereby the plaintiff was to live with and care for and support Susan Echols during the remainder of her life, in consideration of which Susan Echols agreed to give to the plaintiff the property involved in this proceeding; and that the plaintiff fully complied with her part of this agreement, took possession of the property, made valuable improvements, repairs and additions thereto, and paid the taxes upon the same from the time she took possession. The plaintiff brought this suit to prevent the defendants from interfering with that possession, and to have the deeds referred to canceled as clouds on her title, alleging that the subsequent deed from Susan Echols to Mattie Lou Wilborn, which was wholly without consideration, was obtained by the grantee through fraud and deception practiced upon the grantor, who was aged, infirm, and mentally weak; and that this defendant and Weaver had entered into a scheme to obtain this property without any consideration, by the conveyance of the property to Weaver and his attempt to oust plaintiff from possession thereof by dispossessory proceedings. See Code, § 37-701, § 37-709, § 37-710, § 37-802, § 37-804; *Hamilton* v. *Price, 72 Ga.* 214; *Hughes* v. *Hughes, 72 Ga.* 173; *Murphy* v. *Davis, 122 Ga.* 306 (50 S. E. 99) ; *Floyd* v. *Floyd, 97 Ga.* 124 (24 S. E. 451) ; *Frizzell* v. *Reed, 77 Ga.* 724; *Carter* v. *Pinckard, 68 Ga.* 817; *Shewmake* v. *Williams, 54 Ga.* 206; *Latimer* v. *Bruce, 151 Ga.* 305 (106 S. E. 263) ; *Wilson* v. *Wilson, 166 Ga.* 420 (143 S. E. 396). The allegations of fraud, collusion, and deception were sufficient to withstand general demurrer. *Meacham* v. *Farr, 158 Ga.* 343, 344 (123 S. E. 270). Want of consideration for a conveyance, coupled with mental weakness or old age and undue influence, will authorize equitable relief under the Code, § 37-710. *Pye* v. *Pye, 133 Ga.* 246 (65 S. E. 424) ; *Eagan* v. *Conway, 115 Ga.* 130 (41 S. E. 493) ; *Morris* v. *Morris, 41 Ga.* 271, 273. Also dispossessory proceedings may be enjoined where there is no relation of landlord and tenant between the parties, and such proceedings are pending in a court without equitable jurisdiction, which can not afford to the person in possession and claiming title the proper and necessary relief. *Phillips* v. *Hightower, 182 Ga.* 324 (185 S. E. 339) ; *Patterson* v. *Barron, 177 Ga.* 159 (169 S. E. 899), and cit.

Applying the principles of the code sections and the rulings in

the cases cited, the judge erred in dismissing the petition on general demurrer. *Judgment reversed. All the Justices concur.*