ARMOUR *v.* LUNSFORD *et al.*

BELL, Justice. 1. This being a suit by two daughters and a grandson, as heirs at law, to cancel deeds made by their mother and grandmother, since deceased, on the alleged grounds of mental weakness or incapacity on the part of the grantor, due to "extreme old age," and undue influence claimed to have been exerted by the defendant grantee, who lived with the grantor and was the widow of her deceased son, and the plaintiffs having alleged by amendment that the deeds, "while reciting a nominal consideration, were in fact without consideration and were voluntary deeds:" *held,* that the petition as thus amended alleged in effect, not that the deeds were without any consideration whatever, even a good

consideration, but merely that they were without *valuable* consideration. Code, § 20-303; *Carter* v. *Jackson*, 115 *Ga.* 676 (2) (42 S. E. 46); *Owen* v. *Smith.* 91 *Ga.* 564 (3) (18 S. E. 527); *Dicks* v. *Andrews*, 129 *Ga.* 756 (59 S. E. 782); *Dunn* v. *Evans*, 139 *Ga.* 741 (2) (78 S. E. 122); *Autry* v. *Parrish*, 164 *Ga.* 650, 654 (3) (139 S. E. 413).

2. Facts alleged positively in a petition are constructive admissions in favor of the defendant. The plaintiff by thus introducing them, "and making them a part of the record, precludes himself from disputing their truth, whether they be true or false. The allegations and admissions of the complainant's [petition] are therefore evidence against him." *Peacock* v. *Terry*, 9 *Ga.* 137 (6), 150; *Royal* v. *McPhail*, 97 *Ga.* 457 (5) (25 S. E. 512); *Mullis* v. *McCook*, 185 *Ga.* 171 (3) (194 S. E. 171); *New Zealand Fire Insurance Co.* v. *Brewer*, 29 *Ga. App.* 773 (6, 7) (116 S. E. 922); Code, § 38-402. Accordingly, the petition as amended excluded any issue as to valuable consideration, as a ground or circumstance tending to show that the deeds were invalid.

3. The court charged the jury as follows: "If you should find there was great disparity between the ages of Mrs. L. M. Armour and Mrs. Estelle Armour, that the parties occupied a confidential relation to each other, that the deeds were without any consideration at all, or if there was a consideration and the consideration was grossly inadequate, then I charge you that only slight evidence would be necessary to set the deeds aside." The jury having returned a verdict in favor of the plaintiffs, the defendant by motion for a new trial complained of the foregoing excerpt, on several grounds. *Held,* that in so far as the charge mentioned consideration or adequacy of consideration, it evidently referred to valuable consideration, and, under the rulings made above as to the effect of the petition as related to that question, the charge was erroneous, as contended, on the ground that it injected into the case an issue not supported by the evidence. See *Owen* v. *Smith*, supra. Under the facts of the record, it can not be said that the error was harmless. *Southern Railway Co.* v. *Gresham*, 114 *Ga.* 183 (2) (39 S. E. 883); *Southern Cotton-Oil Co.* v. *Skipper*, 125 *Ga.* 368 (7) (54 S. E. 110); *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507).

4. While the charge referred to disparity in age and not in mental ability, and thus could not be sustained under the Code, § 37-710, yet, in view of the ages shown, the mention of disparity in connection with the other circumstances indicated did not render the charge erroneous, as contended. See Code, §§ 37-707, 48-107; *Morris* v. *Morris*, 41 *Ga.* 271; *Harden* v. *Weaver*, 184 *Ga.* 652, 656 (192 S. E. 384).

5. The charge is not construed as an instruction as to what would constitute a prima facie case, shifting the burden of evidence. Compare *Trustees of Jesse Parker Williams Hospital* v. *Nisbet*, 191 *Ga.* 821 (6) (14 S. E. 2d, 64).

6. Except as indicated in note 3 above, the charge was not erroneous for any reason assigned. For the error there pointed out a new trial should have been granted.     *Judgment reversed. All the Justices concur.*

No. 13752. July 8, 1941.

*Earle Norman* and *W. A. Slaton,* for plaintiff in error.
*Clement E. Sutton,* contra.