1. This being a suit by two daughters and a grandson, as heirs at law, to cancel deeds made by their mother and grandmother, since deceased, on the alleged grounds of mental weakness or incapacity on the part of the grantor, due to "extreme old age," and undue influence claimed to have been exerted by the defendant grantee, who lived with the grantor and was the widow of her deceased son, and the plaintiffs having alleged by amendment that the deeds, "while reciting a nominal consideration, were in fact without consideration and were voluntary deeds:" held, that the petition as thus amended alleged in effect, not that the deeds were without any consideration whatever, even a good *Page 599 
consideration, but merely that they were without valuable
consideration. Code, § 20-303; Carter v. Jackson, 115 Ga. 676 (2) (42 S.E. 46); Owen v. Smith, 91 Ga. 564
(3) (18 S.E. 527); Dicks v. Andrews, 129 Ga. 756
(59 S.E. 782); Dunn v. Evans, 139 Ga. 741 (2) (78 S.E. 122); Autry v. Parrish, 164 Ga. 650, 654 (3) (139 S.E. 413).
2. Facts alleged positively in a petition are constructive admissions in favor of the defendant. The plaintiff by thus introducing them, "and making them a part of the record, precludes himself from disputing their truth, whether they be true or false. The allegations and admissions of the complainant's [petition] are therefore evidence against him." Peacock v. Terry, 9 Ga. 137 (6), 150; Royal v. McPhail, 97 Ga. 457 (5) (25 S.E. 512); Mullis v. McCook, 185 Ga. 171 (3) (194 S.E. 171); New Zealand Fire Insurance Co. v. Brewer, 29 Ga. App. 773 (6, 7) (116 S.E. 922); Code, § 38-402. Accordingly, the petition as amended excluded any issue as to valuable consideration, as a ground or circumstance tending to show that the deeds were invalid.
3. The court charged the jury as follows: "If you should find there was great disparity between the ages of Mrs. L. M. Armour and Mrs. Estelle Armour, that the parties occupied a confidential relation to each other, that the deeds were without any consideration at all, or if there was a consideration and the consideration was grossly inadequate, then I charge you that only slight evidence would be necessary to set the deeds aside." The jury having returned a verdict in favor of the plaintiffs, the defendant by motion for a new trial complained of the foregoing excerpt, on several grounds. Held, that in so far as the charge mentioned consideration or adequacy of consideration, it evidently referred to valuable consideration, and, under the rulings made above as to the effect of the petition as related to that question, the charge was erroneous, as contended, on the ground that it injected into the case an issue not supported by the evidence. See Owen v. Smith, supra. Under the facts of the record, it can not be said that the error was harmless. Southern Railway Co. v. Gresham, 114 Ga. 183 (2) (39 S.E. 883); Southern Cotton-Oil Co. v. Skipper, 125 Ga. 368 (7) (54 S.E. 110); Culberson v. Alabama Construction Co., 127 Ga. 599 (56 S.E. 765, 9 L.R.A. (N.S.) 411, 9 Ann. Cas. 507).
4. While the charge referred to disparity in age and not in mental ability, and thus could not be sustained under the Code, § 37-710, yet, in view of the ages shown, the mention of disparity in connection with the other circumstances indicated did not render the charge erroneous, as contended. See Code, §§ 37-707, 48-107; Morris v. Morris, 41 Ga. 271; Harden v. Weaver, 184 Ga. 652, 656 (192 S.E. 384).
5. The charge is not construed as an instruction as to what would constitute a prima facie case, shifting the burden of evidence. Compare Trustees of Jesse Parker Williams Hospital
v. Nisbet, 191 Ga. 821 (6) (14 S.E.2d 64).
6. Except as indicated in note 3 above, the charge was not erroneous for any reason assigned. For the error there pointed out a new trial should have been granted.
Judgment reversed. All the Justicesconcur.
 No. 13752. JULY 8, 1941. *Page 600 
Mrs. Lucinda M. Armour died on September 13, 1939. On October 9 of the same year three of her four heirs at law, James Lunsford, a grandson, and Mrs. J. L. Smith and Mrs. W. H. Settles, daughters, filed an equitable petition against Mrs. Estelle Armour, widow of a son of the deceased, seeking to set aside four deeds executed by the deceased to the defendant during the last five years of the grantor's life, the only other heir at law being a son of the defendant. The grounds on which the relief was sought were mental impairment due to the grantor's age, and undue influence alleged to have been exerted upon her by the grantee. It does not appear that any demurrer was filed. The trial resulted in a verdict and decree in favor of the plaintiffs, canceling the deeds attacked. A motion for new trial was overruled, and the defendant excepted.
The petition contained the following allegations: "Prior to the year ____," Mrs. Lucinda M. Armour lived at the home of T. W. Lunsford in Wilkes County, but in that year the defendant, who had recently returned to this county from California, caused the deceased to remove from the home of T. W. Lunsford to a house owned by the deceased, where the defendant resided with her until her death. Before her removal from the home of T. W. Lunsford, Mrs. Lucinda M. Armour owned described real and personal property, and had an income from a pension of $30 per month as the widow of a Confederate veteran. At the time of her death she was ninety-two years of age. On December 4, 1934, the defendant procured from the deceased, for a purported consideration of $5, a deed to 135 acres of land, and on March 23, 1935, August 14, 1937, and December 17, 1937, she procured from the deceased deeds to other lands for purported cash considerations of $10, $10, and $1 respectively. Said deeds were recorded within a few days after their execution, except the one executed on December 17, 1937, which was recorded on October 5, 1938. Petitioners show that since Mrs. Lucinda M. Armour allowed Mrs. Estelle Armour to live with her, she has been under her complete domination and control, and that she has used her influence over this aged lady to gain possession of her property. That Mrs. Lucinda Armour was eighty-seven years of age at the time the first conveyance was made, and *Page 601 
being of ripe age at this time, as she grew older she became more childish until she was entirely subject to the will of the defendant . . That by paying her marked attention, taking charge of all her business affairs, handling all her money, giving her directions as to all of her acts and doings, and being closely associated with her every day, she was finally able to gain control of the will of the said Mrs. Lucinda M. Armour, so that she yielded childlike obedience to her and would perform any act which the said Mrs. Estelle Armour requested. That the various deeds herein set out . . were procured by the said Mrs. Estelle Armour solely because of the undue influence exerted over this aged person, who because of extreme old age was wholly unaware of the legal consequences of her acts, and by these artifices she caused the said Mrs. Lucinda M. Armour to convey all her property except the small tract of land in Oglethorpe County, which petitioners are informed is worth less than five hundred dollars. That for several years prior to her death the said Mrs. Lucinda M. Armour was wholly unable to understand business transactions, but that Mrs. Estelle Armour would cause the instruments herein named to be prepared and would then summon witnesses and direct Mrs. Lucinda M. Armour to sign the same, though she was incapable of knowing for what purpose said conveyances were being made. That James Lunsford resides in Elbert County, Mrs. J. L. Smith in the State of Texas, and Mrs. W. H. Settles in Madison County, Georgia, and that none of petitioners knew or had reason to believe that Mrs. Estelle Armour was acquiring the property of Mrs. Lucinda M. Armour until after her death in September, 1939."
The defendant answered, admitting the execution of all the deeds referred to in the petition, but denying the exercise of any undue influence upon the deceased. The answer concluded: "Further answering plaintiffs' petition, this defendant says, that for a number of years Mrs. L. M. Armour lived [with] her son-in-law T. W. Lunsford and his wife, who was her daughter; that about 1932 this defendant's son, Robert Armour, visited his grandmother, and said Mrs. L. M. Armour became greatly attached to him; this defendant at the time was residing in the State of California, was regularly employed, and was making a comfortable living for herself and her said son, when said Mrs. L. M. Armour continuously and over a considerable period of time persuaded and insisted on this defendant's *Page 602 
removal to Georgia to live with her, proposing that if she would do so that she would convey her her property so that she might maintain herself and her son in as comfortable circumstances as she then enjoyed, and this defendant did finally accept her proposal and did remove to Georgia, and did in good faith live with and care for said Mrs. L. M. Armour, who was a woman of great age, but agile in body and clear of mind and who continued to act of her own motion in all matters connected with her affairs until the day of her death; and this defendant has not at any time offered to said Mrs. Armour any sort of persuasion, promise, or inducement whatever to convey her any property whatever, but every act of said Mrs. L. M. Armour was her own voluntary act performed of her own volition and without inducement from this defendant."
By amendment the plaintiffs alleged "that the deeds made by Mrs. L. M. Armour to Mrs. Estelle Armour described in this petition, while reciting a nominal consideration, were in fact without consideration, and were voluntary deeds."
The plaintiffs' evidence at the trial was mainly circumstantial. The defendant testified that all of the deeds were deeds of gift, and that grantor stated to her, "She wanted me to have everything she had." One of the plaintiffs, referring to the grantor's mental condition, testified: "I thought her mind was good for a person of her age, but I think her mind weakened with her body." Other evidence was to the effect that her mental condition was good until, or a short time before, her death. A physician, as a witness for the defendant, testified: "For her age she was unusually vigorous, mentally and physically. . . I did not discover in her any form of mental deficiency. . . I meant she was in good condition to be ninety-two years old." According to the evidence, the deceased was about eighty-seven years old when the first deed was made in 1934, and was about twenty-two years older than the defendant. The foregoing is not intended as a complete statement of the evidence, as much other evidence was introduced both by the plaintiffs and by the defendant.
The motion for new trial consisted of the general grounds, and one special ground complaining of the following charge to the jury: "I charge you that if you should find there was great disparity between the ages of Mrs. L. M. Armour and Mrs. Estelle Armour; that the parties occupied a confidential relation to each other; that *Page 603 
the deeds were without any consideration at all; or if there was a consideration and the consideration was grossly inadequate; then I charge you that only slight evidence would be necessary to set the deeds aside." This charge was assigned as error upon the following grounds: "(a) Because the rule that slight evidence is sufficient to set aside a deed or conveyance is a rule applicable only to the issue of fraud, and there is no evidence whatever [as to fraud] in the record in this case. (b) Because disparity between the ages of Mrs. Estelle Armour and Mrs. Lucinda Armour is not a circumstance nor is it evidence on which to set aside deeds, until and unless it appears from the evidence that Mrs. Estelle Armour, or some one for her, did some act which amounted to undue influence or amounted to a fraud on Mrs. Lucinda Armour, or took advantage of Mrs. Lucinda Armour; and movant contends there is no such evidence in the record, and that there is no evidence in the record to show any act by Mrs. Estelle Armour or any one for her, which in any way imposed on Mrs. Lucinda Armour. (c) Because, as movant alleges, there was no evidence in the record that there was any consideration for the deeds sought to be set aside, and all the evidence, without contradiction, and for that reason movant says that the language `or if there was a consideration and the consideration was grossly inadequate' was error because it injected into the case an issue which was not supported by the evidence, and an issue on which there was no evidence. (d) Because, as movant contends, the language in said charge `that the deeds were without any consideration at all' was entirely without evidence to support it, for the reason that the evidence was undisputed that Mrs. Estelle Armour was the daughter-in-law of Mrs. Lucinda Armour, was also the niece of Mrs. Lucinda Armour, and that they and Mrs. Estelle Armour's son, Robert Armour, had lived together for a number of years, and these relationships constituted a good consideration. (e) Because, as movant contends, since it appeared from the undisputed evidence of all the witnesses that Mrs. Lucinda Armour displayed an unusual fondness for both Mrs. Estelle Armour and her son Robert, said charge eliminated from the consideration of the jury the question whether the deeds sought to be set aside were supported by a good consideration as distinguished from a valuable consideration, and the language `that the *Page 604 
deeds were without any consideration at all' was error because it took from the consideration of the jury the question whether or not the deeds were good as voluntary conveyances. (f) Because the rule of evidence contained in the language in said charge, to wit, `then I charge you that only slight evidence would be necessary to set the deeds aside,' was in direct conflict with the following charge given to the jury by the court: `I charge you, gentlemen, that the burden of proof is upon the plaintiffs in this case to establish their contentions by a preponderance of the evidence,' which last charge was not limited or withdrawn by the court, and giving both rules of evidence to the jury tended to confuse the jury as to the quantum of evidence necessary to control their verdict. (g) Because, as movant contends, there is no evidence in the record of any kind to support said charge, and there is no evidence of any kind in the record of any improper conduct at any time by Mrs. Estelle Armour in her transactions with Mrs. L. M. Armour; and the verdict is unsupported by any kind of evidence in the record."