## JACKSON v. JACKSON.

BELL, Justice. In the instant suit by a father against his son to cancel an instrument in the form of a deed, purporting to convey described real estate to the son, the petition as amended contained among others the following allegations: The plaintiff signed such instrument intending and believing that he was executing a will devising said property to his son. The plaintiff was then about 69 years of age and was illiterate, not being able to read at all, which fact was known to the son. After the plaintiff and his son had first gone to an attorney's office for the purpose of having the will drawn, the latter, without the plaintiff's knowledge or consent, returned to the office of the attorney, and advised the attorney that he (the defendant) and the plaintiff "had changed their minds," and "he [the attorney] was to draw an instrument in the nature of a deed," all of which was unknown to the petitioner and contrary to his expressed wishes and intention. Thereafter, the plaintiff and his son went again to the office of the attorney, when said instrument was handed to the plaintiff to sign, the same not being read to him or discussed, and he at all times being of the opinion that it was a will, drawn in accordance with instructions previously given by him. The plaintiff signed said instrument, placing faith and confidence in his son, and believing that he was devising his property as aforesaid. Said acts on the part of the defendant (son) constituted a legal and moral fraud upon the plaintiff, committed by the defendant for the purpose of defrauding the plaintiff out of his property. Said purported deed was without any consideration whatever, the plaintiff believing that said instrument was a will, as to which no consideration was necessary, all of which was well known to the defendant. *Held:*

1. Anything which happens without the agency or fault of the party affected by it, tending to disturb and confuse the judgment, or to mislead him, and of which the opposite party takes an undue advantage, is in equity a surprise, and one species of fraud for which relief is granted. Code, § 37-711.

2. If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve. Code, § 37-211. But the negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the com-

plainant, if it appears that the other party has not been prejudiced thereby. § 37-212.

(a) Under the facts alleged, it cannot be said as a matter of law that the plaintiff was guilty of such negligence (if any) as would bar the equitable relief sought. *Werner* v. *Rawson*, 89 *Ga.* 619, 629 (15 S. E. 813); *Dollar* v. *Fred W. Amend Co.*, 184 *Ga.* 432 (191 S. E. 696).

(b) The present case is distinguished by its facts from the line of cases cited for the defendant, holding that a party to a contract who can read must read, or show a legal excuse for not doing so, since, under the facts alleged in this case, no *contract* was contemplated, but the plaintiff merely intended to execute a will. *Carter* v. *Walden*, 136 *Ga.* 700 (71 S. E. 1047). It also appears in this case that the plaintiff was illiterate; and, considering all that is alleged, it could not properly be determined by the court on demurrer that the plaintiff was guilty of negligence amounting to a "violation of legal duty" (Code, § 37-212, supra), in assuming that the will had been drawn in accordance with his instructions. Compare *Morris* v. *Morris*, 41 *Ga.* 271; *Harden* v. *Weaver*, 184 *Ga.* 652 (192 S. E. 384).

3. The petition did not show upon its face that the plaintiff ratified or adopted the instrument as a "deed," as distinguished from a will, in later signing a security deed with his son to Mrs. Baron, it appearing that this was done as an accommodation to the defendant and at his request; also, that the plaintiff at that time (1942) believed that the full title to the property was still in himself and did not discover the alleged fraud until 1944, when he attempted to sell the property. *Dolvin* v. *American Harrow Co.*, 125 *Ga.* 699 (5) (54 S. E. 706, 28 L. R. A. (N. S.) 785).

4. Nor does it appear that the plaintiff was guilty of such laches as would bar a recovery. *Carter* v. *Walden*, 136 *Ga.* 700 (supra); *Bleckley* v. *Bleckley*, 189 *Ga.* 49 (8) (5 S. E. 2d, 206).

5. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104. The *subject-matter* of the present suit was an instrument in the form of a deed, which the plaintiff sought to have canceled upon the ground that he signed it under the mistaken belief that he was executing a will; and according to his allegations, the loans that were obtained upon the property, one before and the other after the transaction in question, were in no wise related to that transaction, but were entirely separate and distinct therefrom. Accordingly, whatever may be the relative rights and liabilities of the plaintiff and the defendant with respect to either of these loans, and regardless of the plaintiff's allegations as to these matters, the petition as amended, considered as a whole, did not show any failure on the part of the plaintiff to do equity "respecting the subject-matter of the suit," but under the facts alleged the equitable principle quoted would have no application in the instant case. See, in this connection, *Burt* v. *Burt*, 145 *Ga.* 865 (b) (90 S. E. 73); *Information Buying Co.* v. *Miller*, 173 *Ga.* 786 (2) (161 S. E. 617); *Atlanta Association of Fire Insurance Agents* v. *McDonald*, 181 *Ga.* 105 (2) (181 S. E. 822); *Deen* v. *Baxley State Bank*, 192 *Ga.* 300 (2a) (15 S. E. 2d, 194).

6. The petition did not attack or question the security deed to Mrs. Baron,

but in effect conceded that this deed, as signed both by the plaintiff and the defendant, was valid as to her. It follows that Mrs. Baron was not a necessary party to the petition. *Lively* v. *Munday,* 201 *Ga.* 409 (40 S. E. 2d, 62).

7. Under the preceding rulings, there was no merit in any of the grounds of demurrer, general or special, and the court erred in sustaining the demurrers and in dismissing the petition as amended.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15898. SEPTEMBER 6, 1947.

*Harris, Chance & McCracken,* for plaintiff.
*Isaac S. Peebles,* for defendant.