### KIRBY *et al. v.* JOHNSON.

No. 17490. SUBMITTED JUNE 11, 1951—DECIDED JULY 9, 1951.

*Henry J. Fullbright Jr.*, and *Karl C. Duffey Jr.*, for plaintiffs in error.

*Davis & Davis*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Delivery of a deed conveying realty is essential to its validity. Code, § 29-101; *Smith* v. *Smith*, 202 *Ga.* 759 (1), (44 S. E. 2d, 486). Taking the allegations of the present petition to be true, as must be done in considering the general demurrer, the averment that the "petitioner has possession of such instrument of writing and has retained its possession since its execution" constitutes an allegation that the instrument had not been delivered.

The prima facie presumption of delivery of a deed, arising from the fact of its record, may be rebutted upon proof that the grantor, after its execution, took possession of the instrument, and thereafter retained it. *Stinson* v. *Daniel*, 193 *Ga.* 844 (2), 849, (20 S. E. 2d, 257), and citations.

The case of *Carter* v. *Walden*, 136 *Ga.* 700 (3), (71 S. E. 1047), involved allegations of a petition, where a person intended to execute a will, similar to those in the present case. It was there held that the petition was not subject to general demurrer.

The petitioner was not guilty of such laches as would bar her right to have the writing canceled, the suit for this purpose having been brought shortly after she discovered the character of the writing, and it appearing that she had remained in possession of the property, and there being involved no question as to the rights of third parties or innocent purchasers. See, in this connection, *Hadaway* v. *Hadaway*, 192 *Ga.* 265 (1a), 270 (14 S. E. 2d, 874), and citations; *Jackson* v. *Jackson*, 202 *Ga.* 634 (4), (44 S. E. 2d, 250).

The present case is distinguished by its facts from the line of cases cited· for the defendants, where parties dealt with one another on a contractual basis, since, under the facts here alleged, no contract was contemplated, but the petitioner merely intended to execute a will.

Accordingly, the trial court did not err in overruling the defendants' general demurrer.

*Judgment affirmed. All the Justices concur.*