SOUTHERN PINE COMPANY OF GEORGIA *v.* SMITH.

1. The petition as amended set forth a cause of action, and alleged with sufficiency of detail the grounds thereof.
2. It is not essential that the plaintiff in an action for a tort must prove the commission thereof on the precise day alleged in the petition.
3. Admitting irrelevant evidence is not cause for a new trial, unless a valid objection to its admission be made. ·
4. There was evidence sufficient to warrant a finding for the plaintiff; the trial judge approved the verdict, and this court can not say that he abused his discretion.

　　　　　Argued May 8.— Decided May 25, 1901.

Action for damages. Before Judge Dart. City court of Douglas. August 31, 1900.

The petition of Smith against the Southern Pine Company of Georgia alleged that he was the owner of 300 acres of lot of land number 368 in the first district of Coffee county, and that the defendant had damaged him in the sum of $500, by reason of the facts hereinafter set forth: The defendant owns and operates a saw-mill at the town of Hazelhurst, and, for the purpose of furnishing it with logs and timber, owns and operates a railroad, which passes through the plaintiff's land above mentioned, and on which are used locomotives which are common wood-burners and are fired with wood; and the defendant, while running one of these locomotives through the plaintiff's land, on June 12, 1898, negligently threw fire in the grass and other combustibles on its right of way, which fire spread all over the plaintiff's 300 acres, destroying the vegetation and pine timber on it, to his damage as above stated. The land was suitable for farming and grazing purposes, and by reason of the fire the plaintiff was placed at great disadvantage for timber with which to fence his land for farming purposes, and it was rendered almost worthless for grazing purposes.    The defendant was guilty of gross negligence in allowing dry or dead grass, straw, leaves, and other things of combustible nature to accumulate and remain on its right of way, and in scattering sparks or other fire from its locomotive in the grass, etc., on the day above mentioned.    It was guilty of gross negligence in using defective machinery in propelling its trains, and in running its locomotives without proper spark-arresters, and otherwise in bad condition, so that sparks and fire were easily thrown or scattered into the woods lining its roadbed; also in making no effort to extinguish the fire after it was set out, and in letting it do whatsoever damage it might.    Plaintiff did not contribute to the injury.    He prayed judgment for the actual damage, and for punitive damages.

The defendant demurred on the grounds, that no cause of action was set out; that so much of the petition as seeks to describe the number of acres owned by the plaintiff is defective in not stating what portion of the lot mentioned is owned by him; that he fails to state on what date the fire occurred; that he fails to itemize or give particulars as to the damage done to the vegetation, timber, etc., so that the defendant would be put on notice of the respective claims of damage relied on; and that the allegation as to negligence in failing to extinguish the fire is too general.    The plaintiff amended

the petition as follows: By reason of the several acts of tort enumerated in the original petition, in communicating the fire to the premises described, the defendant has damaged plaintiff in the sum of $250 or other large sum, for the fire having burned and otherwise damaged and destroyed the pine timber on the 300 acres; and further damaged him and his premises for grazing purposes in the sum of $100 or other large sum, by reason of the fire having burned up and killed the grass, herbage, vegetation, and undergrowth on the 300 acres; and further damaged him and his premises for farming purposes in the sum of $150 or other large sum; aggregating $500 or other large sum, damage to him and his realty, freehold, and premises by the fire. The 300 acres described are all of lot of land 368 in the first district of Coffee county, except 190 acres on the north side of said lot. The allegation that on June 12, 1898, fire was negligently thrown in the grass, etc., was amended by adding that it then and there caught, blazed, burned, and immediately spread and directly communicated and burned all over the plaintiff's lands, with the result in damage as complained of in the original petition and in the amendment. The court overruled the demurrer, and the defendant excepted. At the trial the plaintiff admitted that he claimed "$125 damages to the timber, damages to the grass and premises $50, damages to the freehold and farming interests in the land $50." The defendant in its answer denied the material allegations of the plaintiff. The trial resulted in a verdict against the defendant for $100. Its motion for a new trial was overruled, and it excepted.

*John. C. McDonald*, for plaintiff in error.
*P. L. Smith, C. A. Ward Jr.*, and *E. D. Graham*, contra.

FISH, J.  1. The petition as amended set forth a cause of action, and the grounds thereof were alleged with sufficiency of detail to meet the attacks of the demurrer.

2. The motion for a new trial complains because the court instructed the jury as follows: " I charge you that it would not be necessary for the plaintiff in this case to prove that the fire, if any at all, occurred upon this particular day; but he must prove substantially the allegations as to date, and that is, that it occurred either upon that date or upon some other day near to the date alleged in his declaration. He must prove that the fire occurred on

such a date as to make the proof show a substantial compliance with the allegations in his petition;" and because the court permitted the plaintiff to testify that the fire occurred somewhere between the 10th and 16th of June, 1898. Movant contended that as the petition alleged that the fire occurred on June 12, 1898, plaintiff could not recover if the fire occurred on any other date, and that the proof should have been restricted to the date alleged. We can not concede the soundness of such contention. It is not essential that, in an action for a tort, the plaintiff must prove the commission thereof on the precise day alleged in the petition. In *Augusta R. Co.* v. *McElmurry*, 24 *Ga.* 75, it was held: "If in a proceeding against a railroad company it is alleged that the injury complained of was committed on a different day from that shown by the proof, the variance is not fatal." There it was alleged that the injury was inflicted on the fourth day of the month, while the proof showed that it was done on the fifth. See *Sims* v. *Railroad Co.*, 111 *Ga.* 820.

3. Another ground of the motion for a new trial was, that the court erred in allowing the plaintiff, over the objection of the defendant, to testify as follows: "I have been on the road walking along at different times, and have seen coals dropping out of the ash-pan. I know the engines of this company were defective otherwise, for I have seen the fire strowing along from underneath the engines; the coals would drop out and fire the rotten cross-ties and straw strown all along the track; and I have sometimes walked along and taken a lot of dirt and throwed on a burning cross-tie and put it out. On one occasion there was a cross-tie afire right there at the corner of my field fence. I was coming up the track and seen the train just pass ahead of me, and whenever I got there I seen the smoke arising, and it was on the end of the cross-tie; there was a live coal there on it about as big as that [indicating with the end of thumb], and I picked up some dry dirt and throwed on it and put it out. Now I done that myself." The motion recites that such testimony was "objected to by defendant's counsel, upon the ground that the same was inadmissible, for the reason that the plaintiff's petition alleged that the fire occurred on the 12th day of June, and therefore no evidence was admissible except such as fixed that date as the time when the fire occurred; and because the plaintiff could not prove fires on other dates to fix the fact of a fire on the date alleged in his petition." We have al-

ready disposed of the first objection.   We do not think the second objection well taken.    It is clear that the object of this testimony was not to "prove fires on other dates to fix the fact of a fire on the date alleged in [the] petition," but it was to show the defective, condition of the defendant's engines and track.   We do not mean to rule that the evidence would have been admissible over a proper objection; as it was held in *Akins* v. *Railroad Co.*, 111 *Ga.* 815 : "There was, on the trial of an action against a railroad company for damages alleged to have been caused by setting fire to the plaintiff's woods, no error in rejecting evidence warranting an inference that, shortly before or shortly after the day upon which a particular fire occurred, a locomotive of the company had thrown out sparks from which straw had become ignited, there being no evidence in any manner tending to show that this locomotive was run on the day in question." What we do decide is, that while the evidence was irrelevant, its admission was not cause for a new trial, when no valid objection to its admission was made.   "Although there may be a ground of objection to testimony which would have been good if made, yet if the objection made is not good, it will be overruled." *Cox* v. *Cody*, 75 *Ga.* 175.

4. We have considered very carefully all the evidence in the record, and have arrived at the conclusion that the jury could find from the evidence submitted in behalf of the plaintiff that the fire was caused by sparks emitted from the smoke-stack of the defendant's engine, and that the defendant was negligent in not having its engine equipped with a proper spark-arrester.   The verdict was approved by the trial judge, and we can not say that he abused his discretion.    *Judgment affirmed.   All the Justices concurring.*