### 8938. ROUNTREE *v.* BROWN.

1. The allegations were sufficient to show that the plaintiff was entitled to foreclose a lien as a laborer.

2. Exception to refusal of nonsuit is not considered if it be alleged, by way of motion for new trial, that the verdict is not supported by the evidence, and if exceptions be taken to the overruling of that motion.

3. It is not error to refuse to direct a verdict.

4. The question as to bar by limitation need not be passed upon, as it does not appear to have been raised in the court below.

5. There was evidence to support the verdict.

DECIDED MARCH 15, 1918.

Lien foreclosure; from city court of Swainsboro—Judge Kirkland. April 24, 1917.

*Williams & Bradley,* for plaintiff in error.

*T. N. Brown,* contra.

WADE, C. J. 1. "An affidavit to foreclose a laborer's lien, which alleged merely that the deponent was employed 'to labor as a clerk in defendant's store,' etc., was insufficient, and was properly dismissed on demurrer. One who is employed merely to labor as clerk in a store is not such a laborer as is contemplated by § [3334] of the Code [1910], giving a lien to a laborer on the property of his employer. *Something must be averred and shown other than that the party seeking the lien was a clerk* [italics ours]. 'Laborer,' as used in the statute, means what was generally known as a laborer at the time of the passage of the act, and clerks, agents, cashiers of banks, and like employees, whose employment is associated with mental labor and skill, were not considered laborers, and were not included in the statute as such." *Hinton* v. *Goode,* 73 *Ga.* 233 (1). See also *Howell* v. *Atkinson, 3 Ga. App.* 58 (59 S. E. 316); *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300). Something other than that the party seeking the lien was a mere clerk was averred and proved in this case, notwithstanding the deponent in his original affidavit classified himself as "a clerk or salesman" in a general mercantile business, since by amendment it was alleged that he "sold general merchandise, hauled freight, had cotton ginned, and hauled seed-cotton and cottonseed, hauled cotton from fields, opened freight, put up goods, swept the floors, sprinkled the floors and dusted the floor and goods, made deliveries to customers outside of the store, toted wood and built fires, put up machinery by fastening together the parts," etc. This amendment clearly averred facts sufficient to show that the party seeking the lien was not merely a clerk in a mercantile business, and the court therefore properly overruled the defendant's demurrer which sought to dismiss the affidavit as amended, for the reason that deponent did not affirmatively allege therein that he was such a laborer as is contemplated by the Civil Code (1910), § 3334, giving a lien to a laborer on the property of his employer. See *Tuck* v. *Moss Mfg. Co.,* 127 *Ga.* 729 (56 S. E. 1001).

2. The refusal of the court to award a nonsuit will not be

considered when there is also an assignment of error upon the overruling of a motion for a new trial, in which a verdict for the plaintiff is complained of as not supported by the evidence. See *Collins* v. *Strickland,* 21 *Ga. App.* 542 (94 S. E. 1035), and numerous cases there cited.

3. Under repeated adjudications, a refusal of the trial judge to direct a verdict is never error.

4. In the brief of counsel for the plaintiff in error it is contended that the provisions of section 3366, par. 2, of the Civil Code (1910) preclude a recovery of the amount claimed, because the proceeding to foreclose the lien was not commenced within a year from the time the indebtedness became due. On the other hand it is contended that, in view of the evidence as to an account by the defendant against the plaintiff for goods furnished to the plaintiff from defendant's store, the rule as to mutual running accounts applied and prevented the bar of the statute from attaching. "In mutual running accounts, where there has been no accounting or liquidation of the indebtedness, or other like act, by which a new point is established from which the statute could begin to run, none of the accounts would be barred until the last item charged is barred." *Youmans* v. *Moore,* 11 *Ga. App.* 66 (74 S. E. 710). See also *Madden* v. *Blain,* 66 *Ga.* 52; *Gunn* v. *Gunn,* 17 *Ga.* 568 (58 Am. R. 447); *Walker* v. *Mercer,* 41 *Ga.* 44; Park's Ann. Code, § 4363, and citations. However, it does not appear from the record that the contention as to the bar of the statute was made in the court below by plea or otherwise; and therefore it need not be passed upon here. *Parker* v. *Irvin,* 47 *Ga.* 405; *Small* v. *Cohen,* 102 *Ga.* 253 (3) (29 S. E. 430). And see *Smith* v. *Central Ry. Co.,* 146 *Ga.* 59 (90 S. E. 474).

5. There being evidence to support the verdict, which has the approval of the trial court, it can not now be set aside.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*