## OWENS *v.* OWENS.

JENKINS, Justice. 1. While an affidavit in forma pauperis, under the Code,
§§ 6-1002 (2), 24-3623, for the purpose of bringing a bill of exceptions
to this court, can not properly be filed in the trial court until after the
rendition of the judgment a review of which is sought (*Craig* v. *State*,
108 *Ga.* 776, 33 S. E. 653; *Swain* v. *State*, 8 *Ga. App.* 410, 69 S. E.
310), this writ of error was not subject to dismissal on the ground that
such affidavit did not show that it was executed after the date of the
judgment. Although it appears that the judgment overruling the de-
murrers to the petition was rendered on September 8, 1939, and that
the affidavit filed with the bill of exceptions in the trial court on
September 18 recited that it was sworn to before the notary "this the
_____day of September, 1939," the omission of the day was not fatal,
in view of the additional recital in the affidavit that "final judgment"
had been rendered adversely to the affiant "in said case," which she de-
sired "to carry . . to the Supreme Court of Georgia upon a writ of
error [and] bill of exceptions concurrently filed herewith," and that she
was unable to pay the costs "of said case."

2. The Code, § 30-107, requires that in suits for divorce the plaintiff must
have been "a bona fide resident of the State twelve months before the
filing of the application for divorce," and the amendatory act of 1939
(Ga. L. 1939, p. 203) permits such filing by any other person only
when "a resident of any United States army post or military reserva-
tion within the State . . for one year" previously thereto. Such
a petitioner "must allege and prove that he has been a bona fide resident
of the State for" the required length of time. *Dicks* v. *Dicks*, 177 *Ga.*
379, 382 (170 S. E. 245). "This jurisdictional averment is essential to
every application for a divorce." *Griffin* v. *Griffin*, 130 *Ga.* 527 (5),
532 (61 S. E. 16). See *Bellamy* v. *Bellamy*, 187 *Ga* 56, 58 (199 S. E.

745). There being no semblance of such a necessary jurisdictional allegation in the instant petition, the court erred in overruling the general demurrer on the ground that the petition did not state a cause of action. This ruling renders it unnecessary to determine whether the petition was subject also to other grounds of the demurrer, as failing to allege facts of cruel treatment such as would authorize a divorce.

*Judgment reversed. All the Justices concur.*

No. 13100. NOVEMBER 29, 1939.

*John H. Payne,* for plaintiff in error.
*Giles, Peters & Spence,* contra.

*Judgment reversed. All the Justices concur.*