29400. MARYLAND CASUALTY CO. *v.* SAMMONS, for use.

84

*Joseph W. Popper,* for plaintiff in error. *W. H. Harris,* contra.

Felton, J. This is the second appearance of this case in this court. For a statement of the pleadings and the rulings thereon see *Maryland Casualty Co.* v. *Sammons,* 63 *Ga. App.* 323 (11 S. E. 2d, 89). The petition as amended has been construed by this court to be predicated on the theory that the Maryland Casualty Company breached its contract with Sammons and was liable to him for damages resulting therefrom, and that these damages were the amount for which Sammons had become liable to his attorney under a contract with him to "see him through." This court has held that the proper interpretation of the petition is that the contract alleged, together with other allegations with reference to the fee agreed on, was to cover services connected with the defense of the damage suit against Sammons in the city court of Macon *and* those necessary to require the casualty company to comply with its agreement to pay the judgment rendered against Sammons in the city court of Macon up to the amount provided in the policy. We further held that no recovery could be had except for the damages resulting from a failure on the part of the company to defend the suit in the city court of Macon. On the second trial, *without amending the petition,* Sammons offered testimony to prove that his contract with his attorney contemplated only the defense to the case against Sammons in the city court of Macon. The evidence was conflicting on the question whether Sammons and his attorney agreed on a certain sum. The judge submitted to the jury the question whether Sammons and his attorney agreed on the sum of $1000 for services in representing the case in the city court of Macon alone, and instructed them that they should find for Sammons if there was such an agreement and against him if there was not.

A party litigant is bound by the allegations in his pleadings which are not stricken by amendment and he can not offer evidence to contradict them. *Armour* v. *Lunsford,* 192 *Ga.* 598 (15 S. E.

2d, 886); *New Zealand Fire Insurance Co.* v. *Brewer,* 29 *Ga. App.* 773 (116 S. E. 922); Code, § 38-402. The evidence offered to prove that the only services contemplated in the contract between Sammons and his attorney were those involving the damage suit in the city court of Macon contradicted the allegations of the petition as construed by this court to allege that the contract included also *service required to force the casualty company to comply with its contract.* Under the pleadings as they stood at the time of the trial, and now stand, the plaintiff can recover only upon proof of the reasonable value of the services of Sammons's attorney connected with defending the damage suit in the city court of Macon. The damage Sammons would be entitled to recover under the petition can not be shown by his contract with his attorney for the reason that the contract sued on was an entire one, as the petition alleged, and there was no separation of the services and amounts sued for. It was therefore error to submit the case to the jury on the theory shown above, and to refuse to admit evidence offered by the casualty company sought to be introduced to show the reasonable value of the services rendered by the attorney for Sammons in connection with the damage suit in the city court of Macon. What has been said covers the assignments of error bearing on the points discussed. The remaining grounds are not passed on as the questions raised therein will not likely occur on another trial. The verdict was also without evidence to support it. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*