## PACKAGE CLOSURE CORPORATION v. SEALRIGHT CO., Inc., et al.

District Court, S. D. New York.
March 19, 1943.

See, also, 141 F.2d 972.

Unger & Pollack, of New York City (William F. Unger, of New York City, of counsel), for plaintiff.

Henry R. Ashton, of New York City (H. Duane Bruce and Hiscock, Cowie, Bruce, Lee & Mawhinney, all of Syracuse, of counsel), for defendant Sealright Co.

Sullivan & Cromwell, of New York City, for defendant Standard Cap & Seal Corporation.

Henry R. Ashton, of New York City, and Joseph J. Brown, of Philadelphia, Pa., for defendants Smith-Lee Co. and Harvey M. Smith.

Edwards & Smith, of New York City (John F. Dailey, Jr., and Charles A. Ellis, both of New York City, of counsel), for defendant Daniel A. Mackin.

CAFFEY, District Judge.

This is an action, under section 7 of the Sherman Act, 15 U.S.C.A. § 15, seeking recovery of treble damages. Five defendants (three corporate and two individual) have moved, pursuant to Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the amended complaint. All assigned as a ground, pursuant to clause (6), failure to state a claim on which relief can be granted. Two add as a ground, pursuant to clause (1), failure

to show that this court has jurisdiction over the subject matter.

Several weeks earlier Judge Bondy had before him similar motions to dismiss the original complaint. He granted these, with leave to amend, and gave the reasons for his action in a memorandum dated December 7, 1942. According to the plaintiff's counsel, the amended complaint represents their effort to obviate the faults ascribed to the original complaint by Judge Bondy.

■ I. The pertinent statutory provision is brief. Section 7 of the Sherman Act vests a right of action for treble damages in any person "who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." These words embrace three elements, namely, violation, injury and causation. All this means is that the right of action comes into being when (1) there has been a violation of the antitrust laws, (2) the complainant has been injured and (3) his injury resulted from the violation. In stating the matter sometimes elements (2) and (3) are combined; but that leaves the substance unchanged. An example is in Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885, 887, where the following was said:

"To recover, the plaintiff must establish two things: (1) A violation of the Anti-Trust Act and (2) damages to the plaintiff proximately resulting from the acts of the defendant which constitute a violation of the Act. In a civil suit under this section, the gist of the action is not merely the unlawful conspiracy or monopolization or attempt to monopolize interstate commerce in the particular subject matter, but is damage to the individual plaintiff resulting proximately from the acts of the defendant which constitute a violation of the law. A mere conspiracy with intent to violate the law while it may be the basis of a valid indictment under the criminal sanction of the Anti-Trust Act, does not give rise to a personal civil suit for damages.

"Thus it has been held in numerous federal decisions that in a civil suit under this special Act the declaration must allege facts from which the court can determine that there has been a violation of the Act with resultant damage proximately caused thereby to the plaintiff."

II. All concede that an offense is sufficiently charged. It is alleged in paragraphs 4; 6(a) and (b) and the first sentence of (c); 7(a) and the first sentence of (b); 9; 11; 13(1) and (6) to (17), that the defendants agreed on the prices of caps and hoods which they sold and shipped in interstate commerce. If so, they were guilty of entering into price-fixing agreements. That these were unlawful and constitute crimes under the antitrust laws is indisputable. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 218, 221-224, 60 S.Ct. 811, 84 L.Ed. 1129.

It follows that the controversy is reduced to a single inquiry. This is whether, under the allegations of the amended complaint, the injuries described are attributable to the violation mentioned.

One other phase of the amended complaint should be noticed.

■ The word monopoly appears twice in the pleading (paragraphs 7(b) and 20). There it is alleged that the corporate defendants had the "capacity of creating a monopoly" and that the combined business of members of the bureau described in the amended complaint "amounted to a practical monopoly of the entire industry." It may be suggested that these allegations state an offense. However, the mere existence of a monopoly does not infringe the Sherman Act. Standard Oil Co. v. United States, 221 U.S. 1, 62, 31 S.Ct. 502, 516, 55 L.Ed. 619, 34 L.R.A.,N.S., 834, Ann.Cas. 1912D, 734. The Supreme Court has said that the Sherman Act omitted "any direct prohibition against monopoly in the concrete."

Moreover, it is not alleged that there has been, and particularly there is absence of allegations of facts that would show, monopolizing (which, of course, is a crime under the statute). Counsel for the plaintiff do not argue, and I assume do not contend, that there are allegations of facts which, if sustained by evidence, would establish a violation of the Sherman Act by monopolizing.

III. The damages suffered by the plaintiff are stated in paragraphs 19 and 20 of the amended complaint. In paragraph 19 it is alleged that these consisted of a cash investment of $150,000 by the plaintiff in its enterprise, services of its officers of the value of $25,000 a year for three years and anticipated profits of $250,000—making a total of $475,000—all of which are impliedly or expressly claimed to have been lost. In paragraph 20 the damages are alleged to have aggregated $500,000—composed of loss by the plaintiff of its investment in its business and loss of prospective profits—

without allocating a separate amount for either item.

In consequence, the task is to determine whether the losses just referred to are traceable to the price-fixing agreements heretofore mentioned. In Keogh v. Chicago & N. W. R. Co., 260 U.S. 156, 164, 165, 43 S.Ct. 47, 50, 67 L.Ed. 183, the court defined that task as follows:

"Under section 7 of the Anti-Trust Act, * * * recovery cannot be had unless it is shown, that, as a result of defendants' acts, damages in some amount susceptible of expression in figures resulted. These damages must be proved by facts from which their existence is logically and legally inferable. They cannot be supplied by conjecture."

See also of the same purport Quittner v. Motion Picture Producers & Distributors of America, D.C.S.D.N.Y., 50 F.2d 266, and Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885, 887.

We come, therefore, to an examination of the allegations of fact on the subject with the view to ascertaining whether (if supported by proof) they would demonstrate existence of the relationship between the violation and the injury claimed by the plaintiff.

IV. The means by which the plaintiff states its claim that its asserted injuries counted on are consequences of the asserted violation cover a considerable portion of the complaint. They include a great many conclusions. Partly because of what has been said heretofore about the holdings in the court decisions as to the character of fact allegations required, and especially because of rulings in cases cited hereafter, it is necessary to give attention to the conclusions alleged.

Among such conclusions in the amended complaint are the following: The second and last sentences of paragraph 6(c); the third, fourth and fifth sentences of paragraph 6(d); the second to the fifth sentences and the ninth and tenth sentences of paragraph 6(e); the last clause, beginning with the words "which combined business," in the last sentence of paragraph 7(b); clause (a) of subdivision (1) of paragraph 13; from the beginning of the third sentence to the end of subdivision (2) of paragraph 13; the first, second, fifth, sixth and seventh sentences of paragraph 13(3); from about the middle, beginning with the words "so as to give," to the end of sub-

division (4) of paragraph 13; the third and fourth sentences of paragraph 13(5); all of paragraph 13(18); from the beginning of the second sentence to the end of paragraph 15; the first and second sentences of paragraph 16; the fifth, sixth, eighth, ninth and eleventh sentences of paragraph 17; in paragraph 19, from the beginning of the fifth sentence (starting with the words "There was every reasonable prospect") to the end of the paragraph; in paragraph 20, the portion of the last sentence beginning (near the end) with the words "and making it impossible" and going to the end of the paragraph; and paragraph 21.

Aside from the conclusions there are statements which are indefinite or argumentative or difficult to understand or incapable of being certainly understood. Among these are the following: paragraph 10; clause (f) of paragraph 13(1); the second sentence of paragraph 13(3); the first and second sentences of paragraph 13(5); the first sentence of paragraph 15; and paragraph 18.

V. Prior to the adoption of the new rules of civil procedure, it was well settled that in testing the sufficiency of a pleading (for example, on demurrer), the objector was entitled wholly to disregard conclusions, unless supported by well pleaded facts. Equitable Life Assur. Soc. v. Brown, 213 U.S. 25, 43, 29 S.Ct. 404, 53 L.Ed. 682; Garrett v. Louisville & N. R. Co., 235 U.S. 308, 313, 35 S.Ct. 32, 59 L.Ed. 242; Nortz v. United States, 294 U.S. 317, 324, 325, 329, 55 S.Ct. 428, 79 L.Ed. 907, 95 A.L.R. 1346; Pacific States Box & Basket Co. v. White, 296 U.S. 176, 184, 185, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853; Isbrandtsen-Moller Co. v. United States, 300 U.S. 139, 145, 57 S.Ct. 407, 81 L.Ed. 562; Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 57, 58 S.Ct. 466, 82 L.Ed. 646.

For example, in the Pacific States case, 296 U.S. at page 185, 56 S.Ct. at page 163, 80 L.Ed. 138, 101 A.L.R. 853, where the complainant charged that a statute was unconstitutional, it was said that the burden was not sustained "by making allegations which are merely the general conclusions of law or fact. * * * Facts relied upon to rebut the presumption of constitutionality must be specifically set forth. * * * A motion to dismiss, like a demurrer, admits only facts well pleaded."

There are numerous rulings by the lower courts to the same effect. Two, which are fairly illustrative, impress me as worth calling to your attention.

In Glenn Coal Co. v. Dickinson Fuel Co., supra, 72 F.2d at page 887, Judge Chesnut enumerated the requisite contents of a complaint in a treble damage action in crisp language as follows:

" * * * the declaration must allege facts from which the court can determine that there has been a violation of the [Sherman] Act with resulting damage proximately caused thereby to the plaintiff."

Again, in Flanigan v. Security-First Nat. Bank, D.C., S.D.Cal., C.D., 41 F.Supp. 77, 79, in speaking of a motion, pursuant to rule 12 of the Rules of Civil Procedure, which claimed that a complaint was insufficient, after calling attention to the abolition by rule 7(c) of demurrers and other old practices, the court made the following statement:

" * * * The proper motion to attack a complaint is by motion to dismiss. A motion to dismiss admits all the allegations of fact which are material and relevant, alleged in the complaint, but does not admit arguments, inferences or legal conclusions. Such a motion performs the function formerly performed by a demurrer."

VI. Disregarding criticisms above of the amended complaint for being indefinite, argumentative or hard to understand, and confining attention to the conclusions which have been enumerated, it seems to me clear that if the holdings in Judge Bondy's memorandum relating to the original complaint be accepted, they are convincing that, when the conclusions I have specified are eliminated, the remaining allegations of the amended complaint do not sustain the plaintiff's contention that the present complaint shows that the injuries asserted were the result of the violation the plaintiff rests on.

I have discovered but one substantial omission from the amended complaint of what was embraced in the original complaint. In paragraph 11 of the original complaint it was alleged in the first sentence that in the United States twenty-one, including the corporate defendants, are engaged in the manufacture of caps. In the amended complaint the first sentence of that paragraph was dropped out, but the balance (changed in three minor respects which are immaterial) has been retained. The alteration, however, made no difference in the substance. This is true because both in the original complaint it was and in the amended complaint it is, alleged that the combined business of the bureau (see paragraph 4) "amounts to about 75% of the total business of the entire industry."

If Judge Bondy's opinion be applicable, then it is my duty to follow it. (Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937, 941. Moreover, my own independent judgment is that when what I have described as conclusions are ignored, the remaining allegations of fact in the amended complaint, if taken as true, would not show that the injuries complained of were consequences of the alleged violation of the Sherman Act relied on by the plaintiff; and I so hold.

Inasmuch as I deem sound the ground of the motions all moving defendants have assigned, there is no occasion to discuss the additional ground adopted by two of the defendants.

VII. In its brief the plaintiff asked leave to serve a second amended complaint in event I should grant the motions. The defendants urge that no leave be granted.

When the defect in a complaint is basic and appears incapable of being cured, it would be waste to permit a plaintiff to have a chance to correct a faulty pleading. Boro Hall Corporation v. General Motors Corp., D.C.S.D.N.Y., 37 F.Supp. 999, 1001, affirmed 2 Cir., 124 F.2d 822; Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., D.C., E.D.Ark., W.D., 40 F.Supp. 897, 917. Forcible argument can be made for the contention that the fault in the amended complaint here is incurable. However, I am doubtful on the point. In those circumstances it seems to me that the provision in rule 15(a) with regard to freely giving leave to amend pleadings suggests that in the present instance opportunity to replead be afforded.

VIII. Accordingly, for the reasons heretofore stated, the motions will be granted, with leave to the plaintiff, within a period to be fixed by the order hereon, to serve a second amended complaint. Settle order on two days' notice.