### MULLALLY *v.* MULLALLY.

WYATT, Justice. Sarah Mullally sought from Michael F. Mullally a divorce and temporary and permanent alimony, alleging that the defendant is a resident of Fulton County, the dates of the marriage and separation of the parties, and cruel treatment by the defendant. A general demurrer, attacking the petition upon the ground that it set forth no cause of action, was overruled. The defendant excepted to this judgment. *Held:*

1. Error is assigned on a judgment overruling grounds of a general demurrer, which if sustained would have terminated the action; and, consequently, there is no merit in the contention of counsel for the defendant in error that the bill of exceptions is prematurely brought. Code, § 6-701; *Coppedge* v. *Allen,* 179 *Ga.* 678 (177 S. E. 340), and cit.

2. The absence of jurisdiction, appearing on the face of a petition, may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought. *Ruis* v. *Lothridge*, 149 *Ga.* 474 (100 S. E. 635); *Coleman* v. *Thomasson*, 160 *Ga.* 81, 85 (127 S. E. 129).

3. In order to obtain a divorce, a person (except a resident of a military post or reservation) must have been a bona fide resident of the State twelve months before the filing of the application for divorce (Code, § 30-107), and this jurisdictional averment is essential to every application for a divorce. *Owens* v. *Owens*, 189 *Ga.* 338 (5 S. E. 2d, 883). Accordingly, there being in this case an absence of such a necessary jurisdictional allegation, the action for divorce was subject to the general demurrer on the ground that no cause of action was alleged; and the prayers for temporary and permanent alimony, being incidental to the suit for divorce on the ground of cruel treatment, can not be maintained as an independent action, but must fall with the divorce suit. *Stoner* v. *Stoner*, 134 *Ga.* 368 (67 S. E. 1030); *Brightwell* v. *Brightwell*, 161 *Ga.* 89 (129 S. E. 658); *Meadows* v. *Meadows*, 161 *Ga.* 90 (129 S. E. 659). The court erred in overruling the general demurrer.          *Judgment reversed. All the Justices concur.*

No. 15233. SEPTEMBER 7, 1945.

*John H. Payne,* for plaintiff in error.
*Vester M. Ownby,* contra.