## 37347. CARRATT *v.* RITSCH *et al.*

DECIDED OCTOBER 23, 1958.

*Robert L. Cork,* for plaintiff in error.

*H. B. Edwards, Sr., H. B. Edwards, Jr., W. J. Gibbons,* contra.

NICHOLS, Judge. 1. No question is presented as to whether the petition is subject to general demurrer for failing to set forth *any* cause of action because this court cannot pass upon a question not raised in the trial court. *Rountree* v. *Brown,* 22 *Ga. App.* 79 (4) (95 S. E. 375); *Fuller* v. *Coker,* 24 *Ga. App.* 418 (3) (101 S. E. 1).

2. The petition alleged that the defendants, both residents of Lowndes County, entered into a conspiracy to *beat* the plaintiff out of certain property, that the plaintiff purchased a business from one defendant, and paid rent to the other defendant who owned the building where the business was located, that, after he had taken possession of the business and begun to operate it, the defendants went to him while he was in an intoxicated condition and told him he could not operate the business and that the rent he had paid was being refunded, that due to his intoxicated condition he was unable to contract, that he accepted the refund not knowing what he was doing, that the defendants entered the premises of the business, took possession, changed the locks on the doors, and began to operate the business using electricity, gas and water paid for by the plaintiff, that upon learning of the above facts with reference to the defendants taking over such business the plaintiff called the defendants by telephone and told them he wanted to come back and operate his business, and that he would refund the rent refunded to him, that he was told by the defendants to stay away from the place of business, not to come back to get his belongings and if he tried to get his belongings back or went about the premises of the business he would be killed. The plaintiff's alleged damages were pleaded and process and judgment prayed for.

As stated above no question is presented in this court in the case sub judice as to whether the petition set forth a cause of action or affirmatively showed that the plaintiff was not entitled to recover. This question was not passed on by the trial court and any ruling made here on such question would be obiter dictum since the sole question presented is whether there was a misjoinder of parties *and* a misjoinder of causes of action.

The petition alleged certain historical facts as to the original relationship between the plaintiff and the two defendants. Ross was the original vendor of the business to the plaintiff and Ritsch was the landlord of the building where the business was located. After the plaintiff had purchased the business from Ross and had become the tenant of Ritsch the *alleged* damage to the plaintiff took place when the conspiracy to take over the plaintiff's business was carried out by both defendants jointly according to the allegations of the petition. This is the only cause of action that can be gleaned from the petition.

" 'Where several matters are stated in a petition, not as distinct and unconnected, but as arising "out of the same transaction or series of transactions, forming one course of dealing, all tending to a single end," a demurrer for misjoinder of causes of action will not lie.' *Grant* v. *Hart*, 192 *Ga.* 153 (4) (14 S. E. 2d 860)." *Briarcliff, Inc.* v. *Kelley*, 198 *Ga.* 390, 395 (31 S. E. 2d 586). There was no misjoinder of causes of action since only one cause of action was alleged, nor was there a misjoinder of parties since the petition alleged that the acts causing the plaintiff's damages were the acts done by *both* defendants. Accordingly, the trial court erred in sustaining the defendants' demurrer on such ground.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*