### 22668. TATE v. TATE.

ARGUED OCTOBER 12, 1964—DECIDED NOVEMBER 5, 1964.

*Atkins & Atkins, Ben S. Atkins, Alton T. Milam, Dorothy D. Atkins,* for plaintiff in error.

*Adams & Barfield, Ronald Barfield,* contra.

HEAD, Presiding Justice. ■ The motion to dismiss the writ of error is denied. The judge's certificate is in part as follows: "I do hereby certify that the foregoing bill of exceptions is true and specifies all of the record material to a clear understanding of the errors complained of; *excepting the note below* [interlined] and the Clerk of the Superior Court of Upson County, etc." After certifying the bill of exceptions the "note below" is as follows: "Further, that counsel for plaintiff stated in his place at the hearing on June 30, 1964 that the allegation, 'He further fails utterly to inform the Florida Court that the parties have a minor child' contained in his amendment was erroneous." Clearly this was intended by the trial judge as an addition to the record, and was not a qualification as to the truth of the recitals in the bill of exceptions.

■ In paragraph 1 of her petition the wife alleged: "Petitioner is and has been a resident of Upson County, Georgia, for more than six months next preceding the filing of this petition." In paragraph 2 she alleged that the husband is a resident of the State of Florida. Residence in a county for six months is all that is required to give the court jurisdiction of a plaintiff's petition for divorce. Ga. L. 1958, p. 385 (*Code Ann.* § 30-107). "One filing a petition for divorce must allege and prove that he has been a bona fide resident of the State for the length of time required by law." *Dicks v. Dicks,* 177 Ga. 379, 382 (170 SE 245); *Griffin v. Griffin,* 130 Ga. 527, 532 (61 SE 16, 16 LRA (NS) 937, 14 AC 866); *Owens v. Owens,* 189 Ga. 338 (5 SE2d 883); *Mullally v. Mullally,* 199 Ga. 708 (35 SE2d 199); *Mullins v. Mullins,* 219 Ga. 816 (1) (136 SE2d 379).

Under the applicable rules of law the wife's petition was sufficient to allege jurisdiction of her divorce action in Upson County, Georgia. The husband recites in his bill of exceptions that: "None of the evidence adduced at the hearing is material to elucidate the errors complained of." No brief of the evidence was brought to this court. Consequently no assignment of error requiring a consideration of the evidence can invoke any ruling by this court.

■ The husband, having filed an answer to the wife's suit in Upson County, and by such answer having made a general appearance, was subject to the jurisdiction of the court and could properly be bound by the judgment of the court favorable to the wife on all issues sustained by the evidence. *Miller v. Miller*, 216 Ga. 535 (118 SE2d 85). Whether or not the evidence authorized the trial judge to enjoin the prosecution by the husband of his Florida divorce action is not before this court for review, since counsel elected not to bring to this court any brief of the evidence.

*Judgment affirmed. All the Justices concur.*