**TRANS WORLD AIRLINES, INC.,**
**Plaintiff,**

v.

**Howard R. HUGHES, Hughes Tool Company and Raymond M. Holliday,**
**Defendants.**

United States District Court
S. D. New York.

Nov. 16, 1965.

See also D.C., 32 F.R.D. 604, D.C., 214 F.Supp. 106.

**500**

Cahill, Gordon, Reindel & Ohl, New York City, for plaintiff; John F. Sonnett, Paul W. Williams, Dudley B. Tenney, Marshall H. Cox, Jr., and Abraham P. Ordover, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, James V. Hayes, Mahlon F. Perkins, Jr., William H. Mallender, John W. Martin, Jr., O. Wood Moyle, New York City, of counsel, and Chester C. Davis, New York City, for defendants Hughes Tool Co. and Raymond M. Holliday.

METZNER, District Judge.

Plaintiff seeks review of so much of an opinion and order of the Special Master as fails to adopt some of the proposed interim findings of fact requested by the plaintiff.

It is unnecessary to detail the long, drawn-out history of this complicated antitrust litigation. The present problem arose after the court directed the entry of a judgment by default pursuant to Fed.R.Civ.P. 37(b) (2) (iii) and 37 (d), and appointed a Special Master pursuant to rule 55(b) (2) to determine the amount of damages.

The plaintiff, in an attempt to facilitate the hearings before the Special Master, submitted proposed interim findings of fact to formalize the basic findings which it considered flowed from the default. The plaintiff disagrees with some of the views expressed by the Special Master in his opinion and with so much of his order striking portions of the proposed findings.

In the main I agree with the exposition by the Special Master of the law and procedures to be followed by him in assessing the damages in this case. There appears to be some ambiguity in one portion of his opinion which may need clarification.

He states that:

"For the reasons indicated the defendants, at this point, do not have the right to produce evidence to try to establish in any manner that the allegations of the complaint

other than as to damages cannot be maintained."

The opinion goes on to state:

"Recognizing that it is his duty on behalf of the court to be satisfied of the liability of the defendants, as well as of the proof, according to law, of the amount of damages claimed, he must also be satisfied by a preponderance of the evidence that any damages were proximately caused". * * *

The reference to a duty "to be satisfied of the liability of the defendants" may, in light of the first quotation above, indicate a conflict in approach, although a reading of the entire opinion does not warrant such a conclusion.

The order referring this matter to the Special Master pursuant to the authority of Fed.R.Civ.P. 55(b) (2) was intended to embrace this portion of the rule:

"If, in order to enable the court to enter judgment * * * it is necessary to * * * determine the amount of damages * * * the court may * * * order such references as it deems necessary and proper".

■ Liability is not an issue for the Special Master except in a very limited sense. The sufficiency of the complaint has already been established by the denial of defendant's motion to dismiss. 214 F.Supp. 106 (S.D.N.Y.1963), aff'd, 332 F.2d 602 (2d Cir. 1964), writ of cert. dismissed, 380 U.S. 248, 85 S.Ct. 934, 13 L.Ed.2d 817 (1965). By virtue of the default the defendant has admitted the truth of the well-pleaded allegations of the complaint. Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885).

■ Allegations are not well pleaded if they are shown to be indefinite or erroneous by other statements in the complaint (Thomson v. Wooster, supra); or where they are contrary to facts of which the court will take judicial notice

(Glenn Coal Co. v. Dickinson Fuel Co., 72 F.2d 885, 889 (4th Cir. 1934)); or where they are not susceptible of proof by legitimate evidence (Cohen v. United States, 129 F.2d 733 (8th Cir. 1942), Greeson v. Imperial Irr. Dist., 59 F.2d 529 (9th Cir. 1932)); or where they are contrary to uncontroverted material in the file of the case (Interstate Nat. Gas Co. v. Southern Calif. Gas Co., 209 F.2d 380, 384 (9th Cir. 1953), In re Woodmar Realty Co., 294 F.2d 785 (7th Cir. 1961), cert. denied 369 U.S. 803, 82 S.Ct. 643, 7 L.Ed.2d 550 (1962)). However, it may be shown by plaintiff, in the context of this case, that some matters of which the court may take judicial notice should not be so noticed. See McCormick, Evidence § 330 (1954). Where file material is involved, if the plaintiff did not have full opportunity to meet or controvert such material, then it should not be used to nullify the allegation. If evidence merely tends to show that an allegation is not true, the allegation must be taken as true in this default. Finally, the plaintiff is entitled to the benefit of all reasonable inferences from the evidence tendered.

■ Attempts by defendant to escape the effects of its default should be strictly circumscribed. It should not be afforded an opportunity to litigate what has already been deemed admitted in law. In the absence of an exceedingly strong showing that an allegation is untrue under the rules set forth above, the allegation stands as admitted.

The Special Master stated that the failure to adopt any proposed finding is not a determination that such finding

"is false, or disproved, or that it will not be fully established by the close of the hearings on damages."

Such proposed findings are not at issue except to the limited extent noted above. The Special Master specifically stated that

"the defendants are not allowed by the present refusal to adopt such

tendered findings to contest them on the merits as they could do if there had been no default."

The matter is returned to the Special Master to proceed in accordance with these views. So ordered.