### 44982. COMMERCIAL NATIONAL BANK OF CEDARTOWN v. MOORE FORD COMPANY, INC. et al.

BELL, Chief Judge. Plaintiff commenced this suit against defendant Moore seeking to recover damages arising out of the purchase of a 1962 Corvair automobile from Moore. In his complaint plaintiff pleaded that at the time of sale and delivery of the automobile there existed a recorded lien against it in favor of the Commercial National Bank of Cedartown; that after the sale and delivery, the bank foreclosed its lien, seized the Corvair and sold it at a public sale. The institution of this action preceded the effective date of the Civil Practice Act (*Code Ann.* § 81A-101 et seq.) Defendant Moore answered and denied the material allegations of the complaint concerning the bank's lien and foreclosure and filed demurrers to the complaint, some of which were sustained. On September 29, 1967, defendant Moore filed a motion to add the Cedartown bank as a party defendant alleging as grounds that plaintiff's complaint alleges that (1) the bank caused the automobile sold to plaintiff to be levied on and sold under a security instrument which described another vehicle and therefore converted it to its own use; and (2) that under these circumstances the bank would be liable over to the defendant for any recovery made in the case by the plaintiff and the bank should be required to defend this action and be bound thereby. The trial court ordered service of a copy of the motion on the plaintiff and the bank and set it for a hearing. On December 14, 1967, the trial court in an order, joined the bank as a party defendant and granted the defendant bank 30 days to file pleadings. This order also stated that at the hearing "no objections" were made. The bank thereafter filed an answer in which it denied the allegations in defendant Moore's motion and prayed that it be discharged. The record on appeal does not reveal any other pleadings by any of the parties. On June 12, 1969, the trial court ordered counsel for all parties to file with the court a brief that includes a statement of the facts, the position of his client on the issues, citation of law, a stipulation waiving jury trial and an agreement that the court is to decide the issues without a jury. Insofar as the record reflects, defendant Moore complied. The other two parties' briefs, if any, are not incorporated in the record before us. On September 8, 1969, the trial judge entered a

verdict finding in favor of Moore, and in favor of the plaintiff against the defendant bank in the sum of $775, the amount prayed for in plaintiff's complaint against Moore. On September 15, 1969, the trial court entered judgment for the plaintiff against the defendant bank in accordance with its verdict. The bank appeals from this judgment. *Held:*

Although the bank enumerates as error the making of it a party defendant, it waived this procedural objection by its failure to object to being made a party, its apparent participation in the proceedings and by devoting its entire brief to the general issue as to its liability to plaintiff. All other issues raised go to evidential questions as to the identity of the automobile and whether defendant bank had a recorded security instrument in the automobile seized and sold. No brief of the evidence or transcript upon which the trial court determined the issues adversely to the bank and from which these questions can be answered is in the record before us. *Seaton v. Redisco, Inc.,* 115 Ga. App. 80 (153 SE2d 728). Accordingly, the judgment below must be

*Affirmed. Quillian and Whitman, JJ., concur.*

SUBMITTED JANUARY 5, 1970—DECIDED MARCH 17, 1970.

*Henry A. Stewart, Sr.,* for appellant.
*Marson G. Dunaway, Jr., Wayne W. Gammon,* for appellees.