## 49723. ANDERSON v. OAKLEY.

MARSHALL, Judge.

Appellant appeals the denial of her motion for new trial on the ground that the DeKalb Superior Court erred in appointing the appellee as administratrix cum testamento annexo for the will of Emily S. Feely, decedent. Appellant enumerates four errors, each of which goes to the question of whether or not appellee was qualified to be the administratrix of Mrs. Feely's estate (as found by the court of ordinary) which was the sole issue before the superior court. They are reviewable because they were properly raised under the general grounds of

appellant's motion for a new trial. Only the first enumeration has merit and is dispositive of the issue. *Held:*

1. Appellee's application for letters of administration lists as her place of residence a Washington, D. C. address. This application is part of the record and has not been withdrawn or amended. That the appellant is a nonresident is therefore an admission in judicio and she is precluded from disputing this fact, be it true or false, unless it is stricken from the record. Code § 38-114; *Wells v. Ragsdale,* 102 Ga. 53 (6) (29 SE 165); *Armour v. Lunsford,* 192 Ga. 598, 599 (2) (15 SE2d 886); *Carver v. Carver,* 199 Ga. 352 (1) (34 SE2d 509); *Lee v. Boyer,* 217 Ga. 27 (120 SE2d 757); *New Zealand Fire Ins. Co. v. Brewer,* 29 Ga. App. 773 (6) (116 SE 922); and *Maryland Cas. Co. v. Sammons,* 67 Ga. App. 83, 84 (19 SE2d 314).

Since the allegation that the applicant for letters of administration resided at a stated address in Washington, D. C. was never withdrawn or stricken from the pleading, in this state of the matter "A party to a suit [or proceeding] will not be allowed to disprove an admission made in his pleadings, without withdrawing it from the record." *Florida Yellow Pine Co. v. Flint River Naval Stores Co.,* 140 Ga. 321 (2) (78 SE 900), and "Statements in pleadings may not be controverted by the party making them." *Davis v. Calhoun,* 128 Ga. App. 104 (2) (195 SE2d 759). There is no transcript before us and nothing, save the bare statement made in appellant's brief, is before us to indicate that there was or could be any controversy as to the statement of residence which the applicant made in her application to the court of ordinary.

The CPA did not wipe out or destroy the law in Georgia to the effect that a party to an action is bound by material allegations made in his pleadings so long as they remain in his pleadings, and the plaintiff's contradictory pleadings, if any, are to be construed in favor of the defendant. Federal Life Ins. Co. v. Ettman, 120 F2d 837, cert. den. 314 U. S. 660; Wise v. City of Chicago, 308 F2d 364 (1) (cert. den. 372 U. S. 944); L. S. Good & Co. v. H. Daroff & Sons, Inc., 263 FSupp. 635 (12); Package Closure Corp. v. Sealwright Co., 4 F.R.D. 114; Edelman v. F. H. A.,

251 FSupp. 715; Leggett v. Montgomery Ward & Co., 178 F2d 436 (6); Trans World Airlines v. Hughes, 38 F.R.D. 499 (2); Pelelas v. Caterpillar Tractor Co., 113 F2d 629, and cit., aff'g. 30 FSupp. 173, cert. den. 311 U. S. 700 (61 SC 138, 85 LE 454); Maddox v. Shroyer, 302 F2d 903; Schaefer v. Macri, 196 F2d 162 (CA 9th Cir.), cert. den. 344 U. S. 832.

The opposite party may rely upon the admission as having established the fact alleged in his favor, and no proof thereof is needed. *Lovell v. Frankum,* 145 Ga. 106 (5) (88 SE 569).

The brief of a party on appeal cannot serve as or instead of a transcript of evidence. We are bound to decide the case upon the record as it comes to us and not upon the briefs of counsel — and certainly not on the basis of any contrary indication in the brief to the record. *Jenkins v. Board of Zoning Appeals of the City of Columbus,* 122 Ga. App. 412 (2) (177 SE2d 204); *Berry v. State,* 123 Ga. App. 616 (1) (182 SE2d 166). "The appellate courts simply cannot nor are they authorized by law to infer from statements of counsel in their briefs facts which never managed an introduction into or even a nodding acquaintance with the record." *Airport Associates v. Audioptic Instructional Devices,* 125 Ga. App. 325, 326 (187 SE2d 567).

There is no amendment of the pleadings here, in writing or otherwise, and no basis for our considering the pleading to have been amended by evidence.

In the status of this record we must conclude that it demanded a finding that the applicant was a nonresident of this state, and thus under Code § 113-1203, disqualified from being appointed as administratrix or having letters of administration issued to her in this state.

2. Code § 113-1203 provides "None but citizens of the United States, residing in this State, are qualified to be made administrators, except that whenever a citizen of another State or Territory of the United States shall be heir at law, of equal, greater, or sole interest, of any estate of a deceased citizen of Georgia, such nonresident citizen may act as administrator of such estate. . ." The record shows that the appellee is not an heir at law as defined by Code Ann. § 113-903 as last amended by Ga. L. 1972, pp.

880, 881. A legatee, devisee or cestui que trust is not made an heir by virtue of his interest under a will. Appellee, therefore, cannot qualify as the administratrix under the statute.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Clark, Stolz, and Webb, JJ., concur. Deen, P. J., and Evans, J., dissent.*

ARGUED SEPTEMBER 30, 1974 — DECIDED JANUARY 22, 1975.

*Durwood T. Pye,* for appellant.
*James A. Mackay,* for appellee.

DEEN, Presiding Judge, dissenting.

1. "None but citizens of the United States, residing in this state are qualified to be made administrators. . ." Code § 113-1203. "A man may have several residences, but only one place of domicile." *Davis v. Holt,* 105 Ga. App. 125, 129 (123 SE2d 686). "The court of ordinary being a court of general jurisdiction, . . . it is to be presumed in favor of its judgments that every fact necessary to make it valid and binding was before the court. . . When the record of a judgment appointing [an] administrator is equivocal in its terms as to the residence of the decedent, the presumption in favor of the validity of the judgment requires that the ambiguity be relieved by a construction which would make the decedent a resident of this State at the time of his death." *Jones v. Smith,* 120 Ga. 642 (1) (4) (48 SE 134). In the latter case it was alleged that the decedent "died testate in the City and State of New York," but the court nevertheless presumed in favor of the judgment appointing the administrator that the decedent was in fact a resident of Georgia. In the present case, where the application for letters testamentary gave the petitioner's residence as Washington, D. C., it was indeed subject to attack by motion on that ground, but, no attack having been made, the statement was also subject to explanation that the residence in Washington, D. C. was temporary and that the applicant was also domiciled in, and therefore a resident of, the State of Georgia. We should presume in favor of the judgment that such fact

was made to appear, where no issue on this question was made by the pleadings. Code Ann. § 81A-115 (b).

2. The grant of letters of administration c.t.a. was appealed and tried de novo in the superior court. The jury returned a verdict in favor of the appellee. The same reasoning applies to the jury trial as to the evidence offered before the ordinary. The question at issue is not, as the majority opinion postulates, one of law by estoppel, but is evidentiary in character. Since no transcript of evidence appears in this record, no enumeration of error requiring a consideration of evidence can invoke any ruling by this court. *Tate v. Tate,* 220 Ga. 393 (139 SE2d 297); *Ga. Farm Bureau Mut. Ins. Co. v. Williamson,* 124 Ga. App. 549 (184 SE2d 665); *Commercial Nat. Bank of Cedartown v. Moore Ford Co.,* 121 Ga. App. 424 (174 SE2d 201); *Buffington v. Ray-O-Lite Southeast,* 119 Ga. App. 799 (168 SE2d 662); *Nadler v. Okarma,* 114 Ga. App. 275 (150 SE2d 846). The jury verdict should therefore be affirmed.

I am authorized to state that Judge Evans concurs in this dissent.

EVANS, Judge, dissenting.

Lois F. Oakley petitioned the Court of Ordinary of DeKalb County for letters of administration upon the estate of a deceased person. Bernice Anderson opposed the grant of letters. A trial was held in the Ordinary's Court and Lois F. Oakley prevailed. Bernice Anderson appealed to the Superior Court of DeKalb County; another trial was held, and Lois F. Oakley again prevailed.

Bernice Anderson moved for a new trial, which was denied, and she now appeals to this court. *But it is highly significant that she does not bring to us a brief of the evidence whereby this court may be enlightened as to what transpired in the lower court, including what evidence was introduced.*

The majority of this court reverses upon the sole ground that Lois F. Oakley "lists as her place of residence a Washington, D. C. address." The majority then asserts that as a party to the proceeding, she would not be allowed to controvert or disprove this admission without withdrawing same from her pleadings.

But in giving sanction to the above rule, we must not overlook or disregard other salient rules of law which are binding upon all courts.

In order to prevent Lois F. Oakley from proving that she resided in Georgia, despite her Washington, D. C. address, it would have been necessary for Bernice Anderson to have made proper objection during the trial to such evidence. See *Southern Pine Co. v. Smith,* 113 Ga. 629 (3), 633 (38 SE 960); *Mickle v. Moore,* 193 Ga. 150 (1), 153 (17 SE2d 728). Did she offer evidence to prove she resided in Georgia? Was any objection made thereto? The record "sayeth not" — simply because appellant Anderson has elected not to bring the transcript of evidence to this court. Who wants to reverse the judgment? Whose duty then is it to bring a transcript of the evidence to us so we may see what did and what did not occur in the lower court? Of course, that important obligation rested upon Bernice Anderson, appellant, which duty she shirked.

Oakley, appellee, in her brief, contends that this point — as to residence — has never been made by the lower court — and in the present state of the record, including appellant's failure to bring to us a transcript, we are bound to agree that the point was not raised in the lower court. And, of course, it is too late to raise for the first time in this court an objection which could and should have been made in the lower court. See *Carratt v. Ritsch,* 98 Ga. App. 448, 449 (1) (105 SE2d 762); *Taylor v. R. O. A. Motors,* 114 Ga. App. 671, 676 (152 SE2d 631).

It is presumed that the judgment of the Superior Court of DeKalb County, in denying Bernice Anderson's motion for new trial, and in approving the verdict in favor of Lois F. Oakley, is correct, and is supported by every ingredient essential to the rendition of that judgment. See *Southeastern Pipe-Line Co. v. Garrett,* 192 Ga. 817, 824 (16 SE2d 753); *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399); *Allen v. Smith,* 223 Ga. 265, 266 (2) (154 SE2d 605).

Thus, it must be presumed there was evidence before the lower court which supported the verdict and judgment, including the place of her residence.

Actually, Oakley did not allege in terms that she resided in Washington, D. C., the application for letters

simply reciting: ". . . whose post office address is 1717 R Street N.W. Apt. 211 Washington, D. C., 20009, and place of residence is . . ." A party may have several residences, but only one place of abode. See *Davis v. Holt,* 105 Ga. App. 125, 129 (123 SE2d 686); *Avery v. Bower,* 170 Ga. 202 (2), 204-205 (152 SE 239).

The majority opinion mistakenly states at page 759: ". . . plaintiff's contradictory pleadings, if any, are to be construed in favor of the defendant," and cites nineteen Federal authorities to support this untenable position. This is to completely overlook that in Georgia, since the enactment of the Civil Practice Act in 1966 (see Ga. L. 1966, p. 609 et seq., as thereafter amended), contradictory pleadings of the plaintiff are no longer construed in favor of the defendant, but are now construed most strongly in favor of the pleader, in this instance, the plaintiff. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (164 SE2d 246).

I also concur fully in all that is said in Presiding Judge Deen's dissent.