50053, 50083. CITY OF MACON v. POWELL (two cases).

PANNELL, Presiding Judge.
Bessie Powell and Otis Powell brought separate actions against the City of Macon seeking to recover for injuries received when the automobile driven by them collided with a vehicle owned by the City of Macon on a road known as the City of Macon Airport Dump Road. Paragraph 2 of the complaints alleged that at the time of said collision, the defendant's automobile was operated by Willie Parker, an employee of the City of Macon, acting within the scope of his employment in operating said vehicle. The City of Macon, in its answer, admitted this paragraph of the complaint. Willie Parker was later made a party to the case, but no question concerning him as a defendant is involved in the present appeals. The City of Macon moved for summary judgment on the ground that Willie Parker, at the time of the collision was operating a City of Macon Airport Security Department vehicle and in the discharge of his official duties as a police officer, a governmental function for which the City of Macon is immune from liability. The trial judge overruled the defendant's motion in both cases and the defendant appealed to this court. *Held:*

1. The allegations in the complaint that Parker was an employee of the City of Macon, and at the time of the collision was acting within the scope of his employment

could have but one meaning; that is, that he was acting within the scope of his employment with the City of Macon in driving the vehicle at the time of the collision, whatever that employment might be. The defendant having admitted this allegation in both cases, that matter is not in dispute. See in this connection, Code § 38-114; *Wells v. Ragsdale,* 102 Ga. 53 (6) (29 SE 165); *Armour v. Lunsford,* 192 Ga. 598, 599 (2) (15 SE2d 886); *Carver v. Carver,* 199 Ga. 352 (1) (34 SE2d 509); *Lee v. Boyer,* 217 Ga. 27 (120 SE2d 757); *New Zealand Fire Ins. Co. v. Brewer,* 29 Ga. App. 773 (6) (116 SE 922); and *Maryland Cas. Co. v. Sammons,* 67 Ga. App. 83, 84 (19 SE2d 314).

2. There is no dispute that he was employed as a security officer with the powers of a police officer and fireman by the City of Macon, and that those were his sole duties. Thus, it is undisputed that Parker was performing either the duties of a police officer or fireman at the time of the collision; that the City of Macon had the authority to employ police officers to patrol the airport is not in dispute. See Code § 11-201.

3. The evidence is also undisputed that the City of Macon leases areas of the airport to private individuals for a profit so that its operation of the airport may become a proprietary interest therein as well as governmental, and the operation thereof may become to that extent a ministerial function. See *Taylor v. King,* 104 Ga. App. 589 (122 SE2d 265); *Caroway v. City of Atlanta,* 85 Ga. App. 792 (70 SE2d 126); and *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850 (118 SE2d 234). These three cases involved airports in which all were operated for profit, and in which it was held that the operation of an airport for profit was a ministerial function, and in the first two cases the governing authorities were held liable for failure to keep the premises safe as the owner and proprietor of land (see Code § 105-401) or where the employee involved was not engaged in a governmental function. These cases so ruled, irrespective of the provisions of Code § 11-202, stating that the operation of an airport was a governmental function. However, no question of the activities of a policeman or a fireman engaged in those duties was involved in either of these cases, and such rulings do not resolve the question

involved here. Appellee here falls into the same error as was made by the appellee and the appellant in *Brannan v. City of Brunswick,* 49 Ga. App. 62 (174 SE 186). In that case, a policeman employed by the City of Brunswick to patrol a causeway and bridge, operated by the City of Brunswick for profit, was injured while engaged in patrolling the causeway and bridge because of a defective vehicle furnished to him by the city for such purpose. This court, after concluding that the operation of the causeway and bridge was a ministerial function, then concluded its opinion as follows: ". . . we have not as yet reached our final destination, for we do not think that the fact that the operation of the toll bridge was a ministerial function controls the case. We have taken occasion to say this much with reference to the operation of the bridge in question because the briefs of counsel for both sides argue exclusively along this line. It was said in *Mayor &c. of Savannah v. Jones,* supra: 'It is the character of the work done by the employees of the city and not the name of the source of their employment, or the name of the department under which they work, which fixes and determines the character of the work, and the consequent liability, or non-liability of the city for a negligent performance thereof; but it is the act itself which determines whether it is performed as a governmental or ministerial function.' It is declared in the charter of the City of Brunswick that 'the Commission of the City of Brunswick, Georgia, shall have the power to adopt an ordinance regulating the use of that certain public highway, running from the said city to St. Simons Island, *including that part of said highway which lies outside the corporate limits of said city as well as that which lies within said corporate limits* (italics ours), and to regulate the conduct of all persons while on any part of said highway, and to provide penalties for the violation of such ordinance or ordinances, . . . and the recorder's court of said city shall have jurisdiction to try and dispose of all prosecutions brought to said court for the violation of any such ordinance or ordinances.' Ga. L. 1924, p. 459. The plaintiff in the present case was a policeman whose duty, among others, was to patrol the bridge in question. The plaintiff, under the above charter provision, was

patrolling a city street, and his duties were to keep order and peace. It was his duty to look after the welfare of the public traveling upon the bridge, to preserve them from harm, to prevent disorder and to arrest offenders. No one can doubt that the general public, in going to and from different parts of the State, are vitally interested, both from a standpoint of pleasure and of self-preservation, in the safety of the roads from violators of the law. The duties of the plaintiff in the case at bar were certainly of a public character, designed for the protection of the people and the execution of the laws of the State. The fact that he was patrolling property operated by the municipality for private gain and profit would not affect the character of his act and the consequent liability of the city. . . We therefore come to the conclusion that the defendant municipality is not liable for the negligence of its chief of police in failing to furnish the plaintiff with a good motorcycle for the reason that at the time of the injury it was in the exercise of a governmental function." Nothing ruled in *Mass. Cotton Mills v. Hawkins,* 164 Ga. 594 (139 SE 52) and *Kent v. Southern R. Co.,* 52 Ga. App. 731 (184 SE 638) is to the contrary, as these cases involved no action against a governmental subdivision.

We, accordingly, hold that the evidence demands a finding that Willie Parker was performing his duties as a police officer or fireman, and that the City of Macon is immune from liability. Code § 69-301; *Thomas v. Williams,* 105 Ga. App. 321 (124 SE2d 409); and *Poole v. City of Louisville,* 107 Ga. App. 305 (130 SE2d 157).

The trial court erred in refusing to grant the city's motions for summary judgment in both cases.

*Judgments reversed. Quillian and Clark, JJ., concur.*

Argued January 10, 1975 — Decided February 7, 1975.

*Lawton Miller, Jr.,* for appellant.

*Westmoreland, Patterson & Moseley, Rudolph N. Patterson, Bruce M. Hofstadter,* for appellees.